Leroy L. JOHNSON, Plaintiff–Appellant,

v.

Leroy MARTIN, Superintendent, City of Chicago Department of Police, the City of Chicago, the City of Chicago Department of Police, and the American Institute of Drug Detection, Defendants–Appellees.

No. 90–2155.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1991.

Decided Sept. 12, 1991.

Melvyn M. Weisberg, Weisberg & Associates, Phillip A. Turner (argued), Peter J.

Latz, Turner, Latz & Olmstead, Chicago, Ill., for plaintiff-appellant.

Kelly R. Welsh, Asst. Corp. Counsel, Jay M. Kertez, Nancy V. Allen, Nina Puglia, Asst. Corp. Counsel (argued), Office of the Corp. Counsel, Appeals Div., William J. Judge, Thomas G. Gardiner, McBride, Baker & Coles, Chicago, Ill., for defendants-appellees.

Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

It is the policy of the Chicago Police Department to require random drug screening for its probationary officers. As a probationary police officer, Leroy Johnson was required to provide a urine sample for drug testing. The results of the test showed positive for the presence of morphine and codeine. Following disciplinary proceedings in which Johnson denied using drugs, he was discharged from the department. Two years later, Johnson filed suit under 42 U.S.C. § 1983, alleging, among other things, that the action of the police department in discharging him and placing that discharge information in his personnel file damaged his reputation in the community. Thus he claimed his constitutionally protected liberty interest in his reputation in the community was violated. The district court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6).

We review the grant of a motion to dismiss *de novo*. *Rothner v. City of Chicago*, 929 F.2d 297, 302 (7th Cir.1991). When reviewing the grant of a motion to dismiss, we must take as true all well-pleaded factual allegations and make all possible inferences in favor of the plaintiff. *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir.1990). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Although, as a probationary officer of the police department, Johnson had no protected property interest in his position, he may assert the deprivation of a liberty interest. In order to state a claim for deprivation of a liberty interest in one's post-employment reputation, a plaintiff is required to show that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure. *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976); *Ratliff v. City of Milwaukee*, 795 F.2d 612, 625–27 (7th Cir. 1986).

We need only focus on the second requirement regarding public disclosure, for we agree with the district court that Johnson cannot satisfy his burden of proving that there was "public disclosure" of the allegedly stigmatizing information. *Bishop v. Wood*, 426 U.S. 341, 348–49, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976).

Johnson concedes that the drug testing results have not been disseminated to any potential future employers. He argues, however, that the stigmatizing information contained in his personnel file "will as a matter of logic and common sense have an adverse effect on [his] ability to obtain future employment in the field of law enforcement as well as other areas." Thus, it is Johnson's position that his burden is only to plead and prove that there is a *likelihood* that the stigmatizing information will be made public. Johnson, in support of his position relies on *Brandt v. Board of Cooperative Educational Services*, 820 F.2d 41, 43–45 (2nd Cir.1987) which holds that a plaintiff satisfies the public disclosure requirement of constitutional defamation merely by showing that stigmatizing information is placed in his or her personnel file.

The Second Circuit's decision in *Brandt* holding that "public disclosure" actually means "*likelihood* of public disclosure" is directly contrary to the existing Seventh Circuit precedent set forth in *Ratliff*. We also believe that *Brandt* is inconsistent with the Supreme Court's explanation in *Bishop*.

A deprivation of liberty is not implicated when an at-will public employee is discharged and "there is no public disclosure of the reasons for discharge." *Bishop v. Wood*, 426 U.S. at 349, 96 S.Ct. at 2079. It is axiomatic that in order to succeed on a constitutional defamation claim the allegedly defamatory statement must actually be "made public."

> Since the former communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his 'good name, reputation, honor, or integrity' was thereby injured.

*Bishop v. Wood*, 426 U.S. at 348–49, 96 S.Ct. at 2079 (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971)).

Defining "public disclosure" in a way which encompasses "no public disclosure" is an exercise we choose not to embrace. In *Ratliff v. City of Milwaukee*, 795 F.2d at 625–627, we held that absent proof that any of the defendants disseminated the stigmatizing information beyond the proper chain of command within the police department, plaintiff could not succeed on his due process liberty claim. Johnson attempts to distinguish *Ratliff* by arguing that this court did not specifically delineate exactly how plaintiffs must prove dissemination. While that may be true, we have no problem determining that potentially stigmatizing information which remains in a discharged employee's personnel file and has not been disseminated beyond the proper chain of command within the police department has not been made public. In this case, there was no public disclosure as required in *Bishop* and *Ratliff*.

The plain fact is that the mere existence of damaging information in Johnson's personnel file cannot give rise to a due process challenge. In *Clark v. Maurer*, 824 F.2d 565, 566 (7th Cir.1987), this court addressed the argument that "it is reasonable to believe that these [stigmatizing] charges continue in the [plaintiffs'] personnel files, a time bomb waiting to explode when sent to a prospective employer." *Id.* We stated that "until the time bomb goes off, the plaintiffs will sustain no injury to their reputations...." *Id.* Likewise, Johnson's "time bomb" claim—that "as a matter of logic and common sense" the information in his personnel file will likely reach the public—has yet to detonate.

The district court was correct in finding that the allegations of the complaint did not give rise to a constitutional violation of Leroy Johnson's liberty interest in his reputation in the community. The remaining issues involving conspiracy and pendent jurisdiction were directly related to the alleged deprivation of liberty interest and were properly dismissed as well. Accordingly, the judgment of dismissal is AFFIRMED.