**Anthony HARRIS, Plaintiff,**

v.

**James O'GRADY, Dr. John Raba, Lieutenant Doris Warren, Sergeant Nadine Jones, John Doe, Richard Roe, Jane Doe, Thomas P. Roth, Dr. Brewer, Dr. James W. Bizzell, Howard Peters, and Ronald Haws, Defendants.**

**No. 90 C 2719.**

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1992.

1362

Anthony Harris, pro se.

Laurence Calnan Acker, Robert Earl Harrington, Jr., Harrington, Thompson, Acker & Harrington, Ltd., Chicago, Ill., for plaintiff.

Cynthia J. Wood, Ill. Atty. Gen. Office, Robert Samuel Spadoni, J. Paige Clousson & Associates, Chicago, Ill., for defendants Thomas Roth and Kenneth L. McGinnis.

Cynthia J. Wood, Ill. Atty. Gen. Office, Terry L. McDonald, Michael David Jacobs, Cook County State's Attys. Office, Chicago, Ill., for defendants James O'Grady, Dr. John Raba, Lt. Doris Warren and Sgt. Nadine Jones.

Cynthia J. Wood, Ill. Atty. Gen. Office, Chicago, Ill., for defendants John Doe, Richard Roe, Jane Doe, Dr. Brewer, Dr. James W. Bizzell, Howard Peters and Ronald Haws.

## ORDER

NORGLE, District Judge.

Before the court are the motions to dismiss of defendants James O'Grady ("O'Grady"), Dr. John Raba ("Dr. Raba"), Lt. Doris Warren ("Warren"), and Sgt. Nadine Jones ("Jones"). For the reasons that follow, the court grants O'Grady's motion, grants Dr. Raba's motion, and denies Warren's and Jones's motions.

## FACTS

This is a civil action pursuant to 42 U.S.C. § 1983 for the violation of the rights under the Eighth and Fourteenth Amendments of the United States Constitution to proper medical care while a pretrial detainee [1] and while incarcerated, and to proper housing for blind inmates. The complaint establishes that plaintiff Anthony Harris ("Harris") was detained at the Cook County Jail on May 16, 1989. He subsequently became an inmate in the custody of the Illinois Department of Corrections ("IDOC") on January 5, 1990 and was transferred to various correctional centers in Illinois, including Joliet Correctional Center, Stateville Correctional Center, and Dixon Correctional Center. Harris is currently incarcerated at Centralia Correctional Center where he has resided since September 25, 1991.

According to the complaint, Harris is legally blind in his left eye due to a birth defect and is blind in his right eye after a failed attempt at corrective surgery in 1985. Prior to his incarceration, Harris had received continuous medical treatment which included maintenance of a prosthetic right eye and measures to preserve the limited vision remaining in the left eye.

Dr. Raba is the former Medical Director of Cook County Cermak Medical Services Hospital ("Cermak Hospital"). He is allegedly responsible for health services and health facilities at the Cook County Jail. Defendants Warren and Jones are correctional officers at the Cook County jail allegedly responsible for the security, health, and safety of jail detainees. O'Grady is the former Sheriff of Cook County and as such is allegedly responsible for rules and regulations and training programs at Cook County Jail.

While detained at Cook County Jail, Harris allegedly made numerous requests to medical social services personnel and security personnel, as well as to the present defendants Warren and Jones, for medical treatment for his blindness and frequent eye infections. He further requested special handicapped housing in order to prevent dangerous situations that could arise and cause serious injuries. The complaint alleges that Cook County Jail and Cermak Hospital both have procedures for identify-

---

1. Because the moving defendants are named only in Count I, involving Harris's stay at Cook County Jail, this opinion only addresses allegations pertaining to Harris's pretrial detention.

ing blind detainees and the ability to house blind detainees at an appropriate medical facility. The complaint further alleges that personnel from these entities deliberately failed to evaluate Harris for placement in a special facility despite Harris's "obvious blindness and numerous requests" and despite that Harris was otherwise qualified for such placement. Further, Harris alleges Warren and Jones ignored Cook County Jail and Cermak Hospital guidelines and policies regarding the treatment of the visually handicapped.

The complaint alleges that, as a result of the defendants' deliberate indifference to Harris's serious medical condition, to established guidelines and policies, and to his numerous requests, Harris was placed in the general jail population unaided by any corrective lens or treatment. Furthermore, Harris claims he was not examined by a physician for his eye condition for the eight months he was incarcerated at Cook County Jail, was never provided corrective glasses or lens or other treatment, and was not provided appropriate services or housing for his blindness for his safety. Consequently, Harris was unable to protect himself from dangerous situations, was physically beaten by security personnel and other inmates, and his prosthesis became infected.

Dr. Raba moves to dismiss the amended complaint for failure to effect service within 120 days pursuant to Fed.R.Civ.P. 4(j) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Warren and Jones also move to dismiss the amended complaint pursuant to Fed.R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(6). O'Grady moves to dismiss the amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

### DISCUSSION

■ Rule 4(j) of the Federal Rules of Civil Procedure provides that the court may dismiss an action without prejudice if the plaintiff fails to perfect service within 120 days after filing the complaint. After receiving leave from the court, Harris filed an amended complaint on December 27,

1991 naming Dr. Raba, Warren, and Jones as defendants. Harris should have served these defendants on or before April 25, 1992.

Dr. Raba's motion alleges, and the record establishes, that Harris failed to serve Dr. Raba within the required 120 days. Further, the court dismissed Dr. Raba on May 18, 1992 upon oral motion for failure to effectuate service of process. Nonetheless, Harris subsequently served Dr. Raba on June 1, 1992, nearly 157 days after Harris filed the amended complaint. Harris should have moved to vacate the May 18th order dismissing Dr. Raba if he desired to effectuate service on Dr. Raba after this court dismissed him. Accordingly, the June 1st service was ineffective and the court again grants Dr. Raba's motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 4(j).

As for defendants Warren and Jones, on May 18, 1992 the court granted Harris twenty-eight additional days to serve Warren and Jones, although the motion came twenty-three days after the 120 day limit expired. Harris perfected service on Warren on June 2, 1992 and Jones on June 11, 1992, both within this twenty-eight day extension. The court accordingly denies Warren's and Jones's motion to dismiss pursuant to Fed.R.Civ.P. 4(j).

■ The court now turns to the merits of the complaint. On a motion to dismiss, the court accepts all well-pleaded factual allegations as true, *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991), as well as all reasonable inferences drawn from those allegations, *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1558 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 285, 116 L.Ed.2d 236 (1991). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Accordingly, a dismissal is proper only if the nonmoving party can prove no set of facts upon which to grant legal relief. *Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992).

■ Initially, the court construes Harris's claim in Count I as a claim against the defendants in their individual capacities only, because Count I requests compensatory and punitive damages, does not request injunctive relief, and does not allege or allude to an official policy or custom on the part of these defendants. *See Hill v. Shelander,* 924 F.2d 1370, 1372–74 (7th Cir. 1991) (sensible approach to reading complaint required; injunctive relief recoverable only in official capacity suits and punitive damages recoverable only in individual capacity suits).[2]

■ Next, because the Eighth Amendment does not apply to pretrial detainees, *Whitley v. Albers,* 475 U.S. 312, 318, 106 S.Ct. 1078, 1083, 89 L.Ed.2d 251 (1986), Harris's rights while in custody in the Cook County Jail are analyzed under the Due Process Clause. *Hinkfuss v. Shawano County,* 772 F.Supp. 1104, 1109 n. 6 (E.D.Wis.1991).[3] The due process rights of a pretrial detainee are at least as great as the Eighth Amendment protection available to a convicted prisoner. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983). Accordingly, the "deliberate indifference" standard will apply. *See id.* at 244, 103 S.Ct. at 2983 (deliberate indifference by officials to serious medical need or injury of detainee constitutes punishment without due process); *Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346 n. 31 (3d Cir.1987) ("deliberate indifference" governs provision of medical care under both Eighth and Fourteenth Amendments), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988).

■ To state a claim under 42 U.S.C. § 1983 for violation of constitutional rights by failing to provide proper medical treatment, Harris "must alleged acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Harris's claim must rise to the level of a constitutional deprivation of rights. *Holmes v. Sheahan,* 930 F.2d 1196, 1199 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991). Mere negligence or even gross negligence will not suffice. *Salazar v. City of Chicago,* 940 F.2d 233, 238 (7th Cir.1991).

■ For liability to attach to prison supervisors under § 1983, a plaintiff must allege the personal knowledge or involvement of those superiors. *Gibson v. City of Chicago,* 910 F.2d 1510, 1523 (7th Cir.1990) (personal liability imposed on superior for reckless disregard of deputy's known dangerous propensities); *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988) (supervisors approved every step in scheme to "railroad" criminal defendant into a conviction and did all in their power to make it work). Thus, to recover damages, the plaintiff must ultimately establish the defendant's personal responsibility for the deprivation, not that he was merely a supervisor. *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir.1981). The conduct must occur at the supervisor's direction or with his or her knowledge and consent. *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982).

■ Harris fails to allege that O'Grady was personally involved in Harris's alleged injuries or that O'Grady had any personal knowledge of Harris's predicament. The

---

**2.** An official capacity suit would also create a few problems for Harris. Because he is no longer detained at Cook County Jail, a request for injunctive relief would be moot and Harris would not have standing to raise issue concerning other blind detainees at Cook County Jail. Further, because O'Grady is no longer Sheriff of Cook County, the official capacity suit does not lie against him after his departure from office. *Monell v. New York Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978) (in official capacity suit, the

entity is real party in interest, not the individual).

**3.** Although Harris only alleged a violation of the Eighth Amendment, the court does not find his failure to allege due process fatal to the claim. First, Harris does allege "deliberate indifference," and second, because of the federal court's liberal pleading standards, a complaint need not specify the correct legal theory to survive a motion to dismiss. *See Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992).

complaint does not show that Harris contacted O'Grady in any way or that O'Grady was aware of his numerous requests. Although an inference may be made under some circumstances at the pleadings stage that a supervisory official had some responsibility for claimed misconduct, *see Duncan*, 644 F.2d at 655, O'Grady's position as Sheriff of Cook County does not raise such an inference. In *Duncan* the Seventh Circuit relied on the liberality of pleading standards for *pro se* plaintiffs, which are more liberal than complaints prepared by attorneys, and determined that, at the pleadings stage, the district court could make an inference that the prison hospital administrator had some responsibility for claimed improper medical care, yet the inference could not be made as to the warden of the prison. *Id.* at 656. Here, the nature of the allegations do not give rise to the inference that O'Grady was aware of the medical problems faced by Harris. Nor does Harris allege O'Grady was deliberately indifferent in his formulation of rules and regulations or his direction of personnel. There is no indication that widespread abuses have occurred and the Sheriff has repeatedly failed to respond. *See, e.g., Thomas v. Frederick,* 766 F.Supp. 540, 556 (W.D.La.1991). Accordingly, the complaint fails to state a claim against O'Grady, requiring dismissal. *See also Hamilton v. Scott,* 762 F.Supp. 794, 803–04 (N.D.Ill. 1991) ("Absent allegation that [Director of Illinois Department of Corrections and prison warden] were either directly involved in the alleged misconduct or were recklessly indifferent to the constitutional violations of which they had some knowledge," the complaint was dismissed), *aff'd, Hamilton v. O'Leary,* 976 F.2d 341 (7th Cir.1992).

■ On the other hand, Harris has sufficiently alleged that Warren and Jones, as correctional officers at the Cook County Jail, were deliberately indifferent to Harris's condition as a blind inmate by refusing to listen to his pleas for corrective lenses, handicapped housing, and medical attention, despite their alleged knowledge of his situation. *See Williams v. ICC Committee,* No. C–92–2403 RFP, 1992 U.S.Dist. LEXIS 13353, at *2 (N.D.Cal. Aug. 31, 1992) (deliberate deprivation of eyeglasses from legally blind prisoner stated cognizable claim for deliberate indifference to medical needs). Furthermore, Harris was never provided an opportunity to visit with a physician for the eight months he was at Cook County Jail, and on the motion to dismiss, the court can infer from the fact Harris notified Warren, Jones, and other personnel of his needs, that the delay was deliberate and not merely an isolated incident of neglect. *See Hunt v. Dental Dep't,* 865 F.2d 198, 201 (9th Cir.1989) (three month delay in providing dentures); *see also Matzker v. Herr,* 748 F.2d 1142, 1147 (7th Cir.1984) (pretrial detainees have right to prompt medical treatment for serious injuries).

Moreover, Harris claims he was beat up by other inmates and by prison guards as a result of his vulnerability. Although the knowledge of the defendants is not clearly alleged in the complaint, the court will not dispose of the claim at the pleading stage. *See McGill v. Duckworth,* 944 F.2d 344, 349–50 (7th Cir.1991) (failure to prevent aggression is actionable where complaint about specific threat to safety is ignored), *cert. denied,* — U.S. —, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992); *Matzker,* 748 F.2d at 1149 (pretrial detainee possesses right to be free from knowing exposure to violence or reckless disregard of right to be free from attacks); *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976) (deliberate indifference standard met where officials deny reasonable requests for medical treatment and such denial exposes inmate to "threat of tangible residual injury").

Accordingly, Harris has sufficiently alleged that Warren and Jones were deliberately indifferent to his serious medical condition. The court notes that surviving a motion to dismiss is simple; but supporting the allegations with facts may prove difficult. Later discovery may uncover unsupported allegations and therefore make summary judgment proper. Here, however, the allegations cover the ground.

In sum, Harris failed to serve Dr. Raba within 120 days of filing his amended complaint and the complaint is accordingly dis-

missed as to him. Service was properly perfected on Warren and Jones, and Harris's complaint properly alleges a violation of Harris's constitutional rights through Warren's and Jones's deliberate indifference to his medical condition. As a result, the court denies their motions to dismiss. Last, Harris fails to allege O'Grady had any personal connection to Harris's difficulty. Dismissal of O'Grady is therefore warranted.

## CONCLUSION

For the reasons stated above, O'Grady's motion to dismiss is granted pursuant to Fed.R.Civ.P. 12(b)(6), Dr. Raba's motion to dismiss is granted without prejudice pursuant to Fed.R.Civ.P. 4(j), and Warren's and Jones's motions to dismiss pursuant to Fed. R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(6) are denied.

IT IS SO ORDERED.