993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carrie DOUGLAS and Kerry L. Williams, Plaintiffs/Appellants,
v.
Richard CLARK, Superintendent, Charles Adkins, Assistant
Superintendent, Herbert Newkirk, Assistant
Superintendent, et al., Defendants/Appellants.
 No. 92-1533.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.*
Decided April 30, 1993.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Div., No. 91 C 579, Allen Sharp, Chief Judge.
 
 
 1
 N.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Carrie Douglas and Kerry L. Williams, two inmates at the Indiana State Prison in Michigan City, Indiana, appeal the district court's dismissal of their § 1983 suit for failing to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and denial of their motion for leave to amend the complaint. We affirm.
 
 
 4
 The original complaint in this case consisted of a laundry list of sixty-four complaints about the conditions at, and the administration of, the Indiana State Prison and purported to allege violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. The complaint named as plaintiff the "Lifers United for Penal Progress," a prisoners' club of which Williams was president and Douglas was vice-president, and named as defendants the superintendent of the prison, two assistant superintendents of the prison, and the commissioner of the Indiana Department of Corrections. Williams and Douglas subsequently moved for certification of a class consisting of the 1600 inmates at the prison. Fed.R.Civ.P. 23. In a single order the court denied the motion to certify the class and dismissed the complaint without prejudice, for failure to state a claim upon which relief could be granted. Nevertheless, the court granted the plaintiffs additional time in which to file an amended complaint. Fed.R.Civ.P. 15(a).
 
 
 5
 Williams and Douglas contend that the district court erred in refusing to certify the class. We disagree. We will not reverse a district court's refusal to certify a class unless the court abused its discretion. Marcial v. Coronet Ins. Co., 880 F.2d 954, 957 (7th Cir.1989); First Interstate Bank, N.A. v. Chapman & Cutler, 837 F.2d 775, 781 (7th Cir.1988). Pursuant to Federal Rule of Civil Procedure 23(a)(4), the district court may certify a class only if it first determines that "the representative parties will fairly and adequately protect the interests of the class." The court determined that because Williams and Douglas were laymen who were proceeding pro se, they lacked the competence to represent the interests of their fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975). We agree with this assessment. Clearly the ability to protect the interests of a class depends in part on the quality of counsel. See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992), cert. dismissed, 113 S.Ct. 1070 (1993); Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 697 (7th Cir.1986) (en banc); Gonzales v. Cassidy, 474 F.2d 67, 72 (5th Cir.1973). Williams and Douglas were not qualified either to pursue the claims on behalf of the class or to protect the interests of the class. The complaint alleges that numerous policies and practices of the prison violate the constitutional rights of 1600 inmates. Only experienced counsel with significant resources could provide the level of competence necessary to prosecute such a massive suit. We therefore conclude that the district court did not abuse its discretion in refusing to certify that this case could proceed as a class action.
 
 
 6
 Williams and Douglas maintain that the district court erred in dismissing the original complaint for failing to state a claim upon which relief could be granted. Because the plaintiffs proceeded pro se, we construe their complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We must consider whether the complaint's well-pleaded allegations, together with all reasonable inferences that may be drawn from those allegations, state a claim against any of the defendants. Johnson v. Martin, 943 F.2d 15, 16 (7th Cir.1991); Pearson v. Gatto, 933 F.2d 521, 527 (7th Cir.1991). If it appears beyond doubt that the plaintiffs can prove any set of facts consistent with the allegations in the complaint that would entitle them to relief, we will find that dismissal was inappropriate. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Our review of this question is de novo. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990).
 
 
 7
 We have little difficulty in concluding that the district court appropriately dismissed the original complaint. The complaint consists of general grievances about the conditions and policies of the prison. Each of the sixty-four separate allegations states that the defendants are engaging in purportedly unconstitutional practices against the general prison population. Williams and Douglas allege, for example, that prisoners are denied medical treatment; and that Muslim prisoners are denied the ability to practice their religion. Nevertheless, Williams and Douglas do not state that they themselves have been denied medical treatment or that they themselves are Muslims who have been prevented from practicing their religion. Indeed, nowhere in the complaint is an allegation that either plaintiff suffered any direct, personal injury, which is a prerequisite to invoking the power of the federal courts. See Allen v. Wright, 468 U.S. 737, 751 (1984). The generalized grievances raised in their complaint, even if true, are insufficient to provide Williams and Douglas with the necessary standing to bring this suit in federal court. Id. at 754-55. Therefore, the district court appropriately dismissed the complaint.
 
 
 8
 As noted above, the district court dismissed the original complaint without prejudice and allowed Williams and Douglas time to file an amended complaint. They subsequently filed a motion to amend their complaint together with a proffered amended complaint. The district court denied leave to amend, concluding that the proffered amended complaint could not survive a second motion to dismiss.
 
 
 9
 A district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading or could not survive a motion to dismiss. Perkins v. Silverstein, 939 F.2d 463, 472 (7th Cir.1991). The district court in this case correctly concluded that the proffered amended complaint, like the original complaint, failed to state a claim upon which relief could be granted. The amended complaint names as defendants, in addition to others, James Akiens, the commissioner for the Indiana Department of Corrections; Charles Adkins, the superintendent of the Indiana State Prison; Herbert Newkirk, an assistant superintendent of the prison; and "R. Keith," a "policy maker" at the prison. The amended complaint does not allege that any of these defendants personally engaged in any wrongful conduct. A defendant can be held liable under § 1983 only if he personally caused or participated in the constitutional deprivation; a "causal connection, or affirmative link" between the conduct and the defendant must exist. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The amended complaint fails to allege that any of the above-named defendants personally caused or participated in the purported constitutional violations. Thus the district court correctly concluded that the complaint failed to state a claim against these defendants and appropriately denied leave to amend.
 
 
 10
 The claims against the three remaining defendants fare no better. The proffered amended complaint alleges that Barry Northine, an administrative assistant at the prison, and "D. Monroe," the supervisor of the prison's law library, canceled Williams' and Douglas' "outcount" time (permission to be out of their cells at "count" time so that they could do legal work in the writ room) on October 16, 1991; and that "W. Hartley," a supervisor of the classification department at the prison, notified Williams that on October 2, 1991, his postage stamps would be destroyed in sixty days and notified Douglas on September 23, 1991, that his stamps would be destroyed on October 2, 1991. The district court correctly concluded that the proffered amended complaint would not survive a motion to dismiss as to these claims.
 
 
 11
 Williams and Douglas allege that Monroe and Northine deprived them of their constitutional right of access to the courts by canceling their "outcount" time. Inmates have a fundamental constitutional right of access to the courts that requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries or adequate assistance of persons trained in the law. Bounds v. Smith, 430 U.S. 817 (1977). Williams and Douglas allege that because they were unable to go to the law library during "count" time, they were denied their constitutional right of access to the courts. We disagree. The constitutionally relevant benchmark is meaningful, not total or unlimited, access to the courts. Id. at 823. Prison officials can satisfy the Constitution by providing law libraries or other forms of legal assistance. Id. Therefore, lack of direct access to the law library for a limited period of time does not render a prison's legal-access program per se unconstitutional; rather, a prison may limit inmates' access to the main law library for security reasons as long as a system is in place by which inmates can obtain relevant materials. Caldwell v. Miller, 790 F.2d 589, 606 (7th Cir.1986).
 
 
 12
 Williams and Douglas do not allege that they were denied meaningful access to the courts when Monroe and Northine canceled their "outcount" privileges. Instead, they allege that they were deprived of unrestricted access to the law library during "count" times. This clearly falls short of alleging a constitutional violation and therefore the district court correctly concluded that the suggested complaint failed to state a claim against Monroe and Northine.
 
 
 13
 Finally, Williams and Douglas allege in the proffered amended complaint that "W. Hartley" violated their rights under the Due Process Clause of the Fourth Amendment by informing them that their stamps would be destroyed at some point in the future. This allegation fails to make out a "case or controversy" within the meaning of Article III, Section 2 of the Constitution. Warth v. Seldin, 422 U.S. 490, 499 (1975). The only act that Williams and Douglas allege that Hartley engaged in is informing them that their stamps would be destroyed by some unnamed person at some unspecified time in the future. Neither Williams nor Douglas was deprived of his stamps or was in imminent danger of being deprived of them and, as such, neither suffered a "distinct and palpable injury" that is a predicate requirement of Article III. Id. at 501. Thus the district court correctly concluded that the proposed complaint failed to allege a claim against Hartley.
 
 
 14
 The district court properly refused to certify that this case proceed as a class action and correctly concluded that the original complaint failed to state a claim upon which relief could be granted. The court also properly denied leave to amend the complaint, for the proffered amended complaint could not survive a motion to dismiss. The district court's judgment therefore is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record