Keith **DIAZ**, # B–05465, Plaintiff,

v.

Jim **EDGAR**, Salvador Godinez, Howard A. Peters, III, James W. Fairman, Jr., and Kenneth L. McGinnis, Defendants.

No. 91 C 5019.

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1993.

Keith Diaz, pro se.

Stephen E. Eberhardt, Chicago, IL, for plaintiff.

John R. Buckley, Jonathan Clark Green, Illinois Attorney General's Office, Chicago, IL, for all other defendants.

James R. Brumund, Brumund, Belom & Jacobs, Joliet, IL, for Peter Perella & Co.

Mary Anne Sliwinski, Brigid E. Kennedy, Williams & Montgomery, Chicago, IL, for Joliet Disposal Inc.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim. For the following reasons, the motion is granted.

### DISCUSSION

Plaintiff Keith Diaz ("Diaz") is an inmate currently incarcerated at the Stateville Correctional Center ("Stateville") in Joliet Illinois. Prior to his confinement at Stateville, Diaz was imprisoned for approximately nine months at the Joliet Correctional Center (the "JCC"), Joliet, Illinois. Diaz claims that his constitutional rights were violated while at the JCC and at Stateville because he was housed in cellblocks containing asbestos. Diaz alleges that his exposure to asbestos contaminated materials caused him to suffer from dyspnea, or shortness of breath. Furthermore, Diaz claims that defendants have refused him access to medical personnel for purposes of diagnosis and treatment of his alleged respiratory disorders.

Diaz's suit is brought on three counts, two pursuant to 42 U.S.C. § 1983 and one pursuant to 28 U.S.C. § 2254. The two § 1983 counts seek injunctive relief, compensatory damages of two million dollars for the defendants' alleged infliction of pain, suffering, and emotional distress, and punitive damages of four million dollars for defendants' reckless indifference to Diaz's constitutional rights. Diaz's § 2254 count requests that the court issue a writ of habeas corpus to release Diaz from confinement because the defendants are unlawfully detaining Diaz by violating the laws of the United States that prohibit exposure to friable asbestos.

On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The complaint need not specify the correct legal theory nor point to the right statute. *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *Strauss v. Chicago,* 760 F.2d 765, 767 (7th Cir.1985). Furthermore, *pro se* complaints are to be liberally construed, and *pro se* civil rights complaints may be dismissed only "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378 (7th Cir.1988).

Diaz's complaint states that while he was at the JCC the defendants were recklessly indifferent to the fact that asbestos containing material was present, that the defendants assigned inmates to live and work with asbestos containing material, and that the defendants caused Diaz to "clean out" asbestos contaminated dust. The complaint goes on to allege that at Stateville the defen-

dants are recklessly indifferent to the fact that asbestos containing material is present, and that with deliberate indifference to the health and well-being of Diaz, the defendants continually refuse to permit Diaz access to medical personnel.

Diaz has brought suit against each of the named defendants in both their individual and official capacities, seeking both monetary damages and injunctive relief. Suits against government officials in their official capacity are actually suits against the governmental entity for which they work. *Kentucky v. Graham,* 473 U.S. 159, 164, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Governmental entities cannot be held liable unless an official policy caused the constitutional violation asserted in the complaint. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691–92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990). Diaz's complaint is completely devoid of claims that it was an official policy to expose him to asbestos or to deny treatment for any such exposure. Thus, to the extent Diaz seeks money damages from the defendants in their official capacity, the defendants' motion to dismiss must be granted. Diaz, however, also seeks injunctive relief against the defendants in their official capacity. Because "official-capacity actions for prospective relief are not treated as actions against the state," *Kentucky v. Graham,* 473 U.S. at 167, n. 14, 105 S.Ct. at 3106, n. 14, the court may award an injunction that governs the official's future conduct. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 103, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984).[1] Although injunctive relief is hypothetically available to Diaz, he must still state a valid claim for the violations that he seeks to enjoin.

Diaz claims that the conditions alleged in the complaint violate his eighth amendment right to be free from cruel and unusual punishment. To prove such a viola-

---

1. Under the theory set forth in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), when a plaintiff sues a state official alleging a violation of federal law, the court may award

injunctive relieve because such a suit would strip the state officer of his official authority and therefore would not be against the state.

tion of the eighth amendment, Diaz must satisfy both the objective and subjective elements of a cruel and unusual punishment allegation. *Wilson v. Seiter*, —— U.S. ——, ——, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). The objective test is whether the deprivation was sufficiently serious and looks to the conditions themselves. *Id.* The subjective component looks to intent and asks whether officials acted with a sufficiently culpable state of mind. *Id.*

Diaz's claim satisfies the objective analysis. The capacity of asbestos fibers to cause serious injuries is undisputed. *See* THOMAS E. WILLGING, TRENDS IN ASBESTOS LITIGATION xi (FEDERAL JUDICIAL CENTER 1987). Despite its insidious nature, however, the mere presence of asbestos does not in itself violate the eighth amendment. *See Wilson v. Lane*, 88 C 7038, slip op. (N.D.Ill. Oct. 12, 1990) (because of its pervasive use throughout the country, mere presence of asbestos in prison does not constitute cruel and unusual punishment). Diaz, however, has not simply decried the presence of asbestos; he avers that he was ordered to clean asbestos-containing material, which has caused him to develop a respiratory ailment that defendants refuse to treat. These facts, as alleged, are sufficient to satisfy the objective prong of the eighth amendment.

Although Diaz has met the objective requirement, he does not make sufficient allegations to satisfy the subjective prong of a cruel and unusual punishment claim. The subjective element of such a claim refers to the intent of the defendants. The minimum showing of intent needed to state a claim under the eighth amendment is deliberate indifference. *Duane v. Lane*, 959 F.2d 673 (7th Cir.1992). The test for deliberate indifference requires that prison officials have "actual knowledge of impending harm rather than a mere suspicion" and must "consciously and culpably refuse to take steps to prevent the harm." *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir.1987). Mere negligence is not enough to satisfy deliberate indifference. *Id.* The only allegation Diaz makes specifically against any defendants is that Fairman and Godinez were "aware that [Diaz] was directly exposed to asbestos." Although it is likely

that both wardens knew that asbestos existed within the confines of their respective facilities, Diaz fails to show that any of the defendants actually knew that he was being required to clean asbestos contaminated dust. Diaz cannot hold defendants liable for deliberate indifference if none of the defendants knew of the harm alleged. If the alleged harm is remote, such as being ordered to clean dust purportedly containing asbestos, rather than immediate, or if the officials don't know about such harm or can't do anything about it, the subjective component cannot be satisfied and the suit must be dismissed. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992).

■ Furthermore, Diaz's complaint fails to state that any specific defendants consciously placed him in a health-threatening situation. As a general matter, Diaz does not state how defendants Edgar, Peters, and McGinnis were personally involved in the conduct alleged in Diaz's complaint. Diaz does not allege that either Edgar, Peters, or McGinnis committed any overt acts of personal involvement, and in cases where there is no overt personal participation by a government official, the plaintiff bears the burden of proving that the alleged wrongdoer had some obligation to supervise. *Kinan v. City of Brockton*, 876 F.2d 1029, 1036 (1st Cir.1989). Supervisory liability requires a showing that the "official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir.1986).

Neither Edgar, Peters, nor McGinnis would likely have been so directly involved in the running of the JCC or Stateville to have personally participated in, or had knowledge of, the kinds of decisions that allegedly led to the violations of Diaz's civil rights. The complaint does not charge, directly or inferentially, that Edgar, Peters, or McGinnis either personally directed, or participated in, consented to, tacitly approved, or even had any contemporary knowledge of Diaz's purported exposure to asbestos containing materials. Diaz specifically alleges that defendants J.W. Fairman and Salvador Godinez, Chief Administrative Officers of the JCC and Stateville, respectively, were aware of the presence of

asbestos at their respective institutions and were aware of Diaz's exposure thereto. The mere fact, however, that Fairman and Godinez reported to either Peters or McGinnis is insufficient to allege, directly or inferentially, that Peters, McGinnis, and Edgar were personally involved in the purported deprivation of Diaz's civil rights. *cf. Barr v. Hardiman,* 583 F.Supp. 1 (N.D.Ill.1982) (allegation that prisoner specifically asked all defendants for relief was sufficient to state personal involvement and deliberate indifference); *see also, Little v. Walker,* 552 F.2d 193 (7th Cir.1977) (allegation that governor and director of prisons should have known of impermissible privations sufficient to state a claim where plaintiff allegedly alerted such officials to alleged abuses), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). Because Diaz fails to make a single allegation as to how Edgar, Peters, and McGinnis caused, directly or indirectly, his constitutional rights to be violated, the complaint must be dismissed as to these three defendants.

As noted above, Diaz specifically claims that defendants Fairman and Godinez were "aware that [Diaz] was directly exposed to asbestos." Diaz's complaint, however, fails to allege that these two defendants were personally responsible or involved in the conduct alleged. Absent direct responsibility for the conduct complained of, liability will not lie against a prison official. *Rascon,* 803 F.2d at 273. There must be an affirmative link or causal connection between the misconduct complained of and the official being sued. *Id.* Diaz fails to allege the connection between either prison warden and Diaz's exposure to asbestos or his alleged lack of medical care. Diaz cannot show deliberate indifference without showing how the specific defendants were responsible for ordering Diaz to clean the dust which caused his exposure and injury. The claims against the individual defendants cannot survive the motion to dismiss absent specific allegations showing their personal involvement or deliberate indifference.

 In addition to his § 1983 claims, Diaz has also requested the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Diaz claims that because he is ex-

posed to asbestos and is refused medical attention he is being unconstitutionally detained and must be released. Diaz, however, has failed to allege that he has exhausted his state remedies. 28 U.S.C. § 2254(b) ("an application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state"). Accordingly, Diaz's request for a writ of habeas corpus must be denied.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion and dismisses the complaint. Dismissal is without prejudice to plaintiff filing an amended complaint within twenty-one days alleging facts showing defendants' individual culpability for the challenged conditions and alleged injuries.

IT IS SO ORDERED.