Felix A. OLIVIERI, Plaintiff,

v.

Matt L. RODRIGUEZ, Defendant.

No. 95 C 7313.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 13, 1996.

Kenneth N. Flaxman, Lesley A. Redman, Kenneth N. Flaxman, P.C., Chicago, IL, for Plaintiff.

Susan S. Sher, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Nancy L. Van Allen, J. Paula Roderick, Dave Justin Seery, Naomi Ann Avendano, City of Chicago, Law Department, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendant Matt L. Rodriguez's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed hereafter, Defendant's motion is granted.

### I. BACKGROUND

In August of 1994, Plaintiff Felix A. Olivieri was employed by the City of Chicago as a probationary police officer and assigned for training at the police training academy. While at the police training academy, administrative charges were filed against Olivieri by the Chicago Police Department for mak-

ing statements of a sexual nature to fellow probationary police officers and for making unwelcomed physical advances of a sexual nature toward the same officers. The allegations were investigated. Following the investigation, Defendant Matt L. Rodriguez—the Superintendent of the Chicago Police Department—discharged Olivieri.

Following the discharge, Olivieri applied for employment as a police or security officer with the Northwestern University Police Department, the University of Chicago Police Department, the DePaul University Security Police, and the University of Illinois at Chicago Police Department. Olivieri informed each of the prospective employers that he had been discharged by the Chicago Police Department because of an allegation of sexual harassment.

Olivieri's step-mother, Rose Olivieri—a police officer—inquired into the possibility of her step-son's employment with the Federal Reserve Police Department, the Evanston Police Department, and the U.S. Marshal's Service. Rose informed each of the potential employers that Olivieri had been terminated due to allegations of sexual harassment.

To date, Olivieri has not been hired by any of the prospective employers.

Olivieri does not know whether Superintendent Rodriguez or any other employee of the Chicago Police Department discussed the sexual harassment allegations with the potential employers.

Olivieri brought a complaint against Superintendent Rodriguez under 42 U.S.C. § 1983 premised on deprivations of his constitutionally protected Fourteenth Amendment liberty interest.

This matter is now before the Court on Superintendent Rodriguez's motion for summary judgment.

## II. SUMMARY JUDGMENT—STANDARD OF REVIEW

Under FED.R.CIV.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. DISCUSSION [1]

Olivieri brings two "independent" § 1983 claims premised on the deprivation of a liberty interest: (1) deprivation of an occupational liberty interest in one's post-employment reputation and (2) deprivation of a hearing prior to one's termination to refute the charges and clear one's name.

■ To establish a successful § 1983 claim, Olivieri must show that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *New Burnham Prairie Homes v. Village of Burnham*, 910 F.2d 1474, 1479 (7th Cir.1990). Superintendent Rodriguez does not dispute that, if actionable, the conduct complained of occurred while he acted under the color of state law; thus, the issue is whether Olivieri was deprived of rights secured by the Constitution.

1. Superintendent Rodriguez filed a motion to strike Olivieri's affidavit and certain paragraphs of his Local Rule 12(N) response. Since the court does not find the issues discussed in the motions relevant to the analysis, the motions are denied as moot.

688

## A. Occupational Liberty: Post–Employment Reputation

To establish a claim for "deprivation of a liberty interest in one's post-employment reputation, a plaintiff is required to show that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991).

The Court need focus only on the second requirement—public disclosure—to resolve this claim. Olivieri has not come forward with any evidence that Superintendent Rodriguez (or anyone else within the Chicago Police Department) disclosed the stigmatizing information to any of the prospective employers.[2] *See Ratliff v. City of Milwaukee,* 795 F.2d 612, 627 (7th Cir.1986) ("Absent proof that the Police Department or any of the defendants disseminated the stigmatizing information in a manner which would reach future potential employers of the plaintiff or the community at large, she cannot show that the defendants' actions impinged on her liberty interest in pursuing her occupation."). Indeed, Olivieri and his stepmother, not Superintendent Rodriguez or the Chicago Police Department, voluntarily disclosed the damaging information to the prospective employers.

Accordingly, Superintendent Rodriguez is entitled to summary judgment.

## B. Due Process: Lack of a Hearing

Next, Olivieri contends that the failure to grant a hearing prior to his termination deprived him of a liberty interest without due process. As discussed above, however, since there was no public disclosure by Superintendent Rodriguez or the Chicago Police Department, there was no deprivation of a liberty interest.[3] *See Fittshur v. Village of Menomonee Falls,* 31 F.3d 1401, 1409 (7th Cir.1994); *Yatvin v. Madison Metro. Sch. Dist.,* 840 F.2d 412, 417 (7th Cir.1988); *Ratliff,* 795 F.2d at 625–27 ("[I]f such charges were published, Ratliff had a due process right to a hearing at which she could attempt to refute the charges and publicly clear her name."); And, since there has been no deprivation of a liberty interest, there is no entitlement to a hearing.[4]

Accordingly, Superintendent Rodriguez is entitled to summary judgment.

## IV. CONCLUSION

For the reasons discussed above, judgment is entered in favor of defendant Superintendent Matt L. Rodriguez and against plaintiff Felix A. Olivieri.

2. It appears that Olivieri believes that Superintendent Rodriguez was burdened with the task of coming forward with evidence that showed affirmatively that he did *not* disclose the information to the prospective employers. He cites no authority in support. That is, of course, wrong. As an element of his *prima facie* case, Olivieri must come forward with the evidence.

3. The fact that the stigmatizing information remains in Olivieri's personnel file and will likely be sent to a prospective employer, *i.e.,* a time bomb waiting to explode, is of no consequence. As noted on more than one occasion by the Seventh Circuit, "until the time bomb goes off, the plaintiffs will sustain no injury to their reputations." *Clark v. Maurer,* 824 F.2d 565, 566 (7th

Cir.1987); *see Johnson v. Martin,* 943 F.2d 15, 17 (7th Cir.1991) ("Likewise, Johnson's 'time bomb' claim—that 'as a matter of logic and common sense' the information in his personnel file will likely reach the public—has yet to detonate."). Similarly, since Olivieri has no evidence that the stigmatizing information was released by Superintendent Rodriguez or the Chicago Police Department to any of the prospective employers (or, for that matter, anyone else), the time bomb is still ticking.

4. Keep in mind, generally speaking, as long as the employer does not publicize the information, it may terminate the employee for no reason at all or for stigmatizing and false reasons. *See Ratliff,* 795 F.2d at 627 n. 4.