Renee Henderson **MARTINEZ** Plaintiff,

v.

Jesse **GONZALEZ**, Robert Hooper, and the Chicago Park District, a municipal corporation, Defendants.

No. 97 C 1976.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 5, 1997.

John P. De Rose, Kenneth A. Jatczak, John P. De Rose & Associates, Burr Ridge, IL, for Renee Henderson Martinez.

Paul D. Geiger, Law offices of Paul D. Geiger, Chicago, IL, for Jesse Gonzalez.

Nelson A. Brown, Jr., Chicago Park District, Chicago, IL, for Robert Hooper, Chicago Park Dist.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Renee Henderson Martinez, filed a four count complaint under 42 U.S.C. § 1983, against the defendants, Jesse Gonzalez, Robert Hooper, and the Chicago Park District. Mr. Hooper and the Chicago Park District move to dismiss Count IV of

the complaint, which charges the defendants with retaliating against Mrs. Martinez after she exercised her First Amendment rights.[1] For the following reasons, the motion is denied.

### Background

On March 21, 1996, the Chicago Park District sponsored a gym show at Rowan Park. Mrs. Martinez, a recreational leader with the Park District, alleges she was told by Mr. Hooper, a Park Supervisor of Recreation, to ask children playing on the gym equipment to get off the equipment so the show could start. Mr. Gonzalez, an off-duty police officer employed by the Chicago Police Department, apparently took exception to Mrs. Martinez's request that his child cease playing on the gym equipment. According to Mrs. Martinez, Mr. Gonzalez arrested her in the crowded gymnasium, handcuffed her, took her to Mr. Hooper's office, and detained her in handcuffs for a substantial period of time until she apologized for her actions.

According to Mrs. Martinez, after the gym show Mr. Hooper told her she should not bring charges against Mr. Gonzalez because "[t]he Park District won't like it." (Comp. ¶ 37). Not heeding Mr. Hooper's warning, Mrs. Martinez registered a complaint with the Chicago Police Department's Office of Professional Responsibility later that night. The next day, while Mrs. Martinez filled out. a incident report with the Park District, Mr. Hooper again suggested that it might not be a good idea to pursue charges.

Mrs. Martinez alleges that, after she filed her complaint, Mr. Gonzalez began calling Mr. Hooper. Further, after the incident in the gym, false rumors began to spread that she had been arrested for physically abusing a child. Mrs. Martinez asked Mr. Hooper to write letters that would clear up these rumors, but Mr. Hooper refused. According to Mrs. Martinez, as a result of the gym incident, attendance in her classes fell dramatically. Mr. Hooper threatened Mrs. Martinez with a cut back in hours due to the decrease in the attendance of her classes. Mr. Hooper

also told Mrs. Martinez that, since she did not have any classes, she would have to do any cleaning that needed to be done. Mrs. Martinez claims that due to the antagonistic attitude of Mr. Hooper and the adverse working conditions she was enduring, she reluctantly resigned her position as recreational leader with the Chicago Park District.

### Municipal Liability

■ There are three instances under 42 U.S.C. § 1983 in which a municipality may be held liable for violating the civil rights of a person: (1) there was an express policy that, when enforced, caused a constitutional violation; (2) there was a widespread practice that, although not expressly authorized, was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the alleged constitutional injury was caused by a person with final policymaking authority. *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734–35 (7th Cir.1994) (citations omitted). Mrs. Martinez alleges her complaint falls into the third category of municipal liability.

■ Municipal liability attaches where "a deliberate choice to follow a course of actions is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in questions." *Pembaur v. Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986). The identification of final policymakers is a question of state law. *City of St. Louis v.. Praprotnik*, 485 U.S. 112, 124, 108 S.Ct. 915, 924–25, 99 L.Ed.2d 107 (1988). The Chicago Park District argues that Mr. Hooper's actions are not those of a final policymaker. According to the Chicago Park District, only actions by the seven members of its Board of Commissioners can bind the Park District.

■ It is well settled, however, that authority to make municipal policy "may be delegated by an official who possesses such authority . . . ." *Pembaur*, 475 U.S. at 483, 106 S.Ct. at 1300. The issue in this case is

---

1. On a motion to dismiss, the court will assume the truth of all alleged facts, construe them liberally to the plaintiff, and make all reasonable

inferences in the plaintiff's favor. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991).

who could decide Mrs. Martinez's professional duties and responsibilities. According to the complaint, Mr. Hooper could decide the hours Mrs. Martinez worked and determine the responsibilities of her job (such as mopping and cleaning). (Comp.¶¶ 50–52). The complaint also alleges that Mr. Hopper was in a position to know that "[t]he Park District [wouldn't] like it" if Mrs. Martinez brought charges against Mr. Gonzalez. (Comp.¶ 36). While it may ultimately be decided Mr. Hooper is not a final policymaker, it is premature at this stage to say that, under the facts alleged, his actions could in no way bind the municipality.

### First Amendment Retaliation

▇▇▇ To make out a claim for First Amendment retaliation, a public employee must establish: (1) "an adverse employment action motivated by the exercise of [the] right to free speech," and (2) that the speech was of "a matter of public concern." *DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 191 (7th Cir.1995) (citations omitted). The Park District and Mr. Hooper argue Mrs. Martinez's complaint does not meet either prong of the retaliation test.

▇▇▇ Mrs. Martinez need not show she was terminated to prove an adverse employment action. *Id.* at 192. "Lesser retaliation such as demotions, diminished responsibilities, or false accusations all may suffice." *Id.* Mrs. Martinez alleges that, after she filed a complaint with the Office of Professional Responsibility and an incident report with the Park District, Mr. Gonzalez started calling Mr. Hooper. (Comp.¶ 53). Mrs. Martinez was soon threatened with a cut in work hours and was told she would have to start doing any cleaning that needed to be done. (Comp. ¶¶ 50, 52). Mrs. Martinez also claims Mr. Hooper falsely accused her of failing to report to work on a day that she called in sick. (Comp.¶ 51). While Mr. Hooper claims that Mrs. Martinez's reduction in hours was due to a decline in class attendance, it is possible that had Mr. Hooper acted by writing letters to quash rumors of child abuse, class attendance would never have fallen. (Comp.¶¶ 43–45). Based on the totality of the complaint, Mrs. Martinez has alleged facts that would indicate that, after exercising her right to free speech, she suffered adverse employment actions.

▇▇▇ The Park District also claims Mrs. Martinez's speech was not on a matter of public concern. As the Seventh Circuit has noted, "when the Supreme Court in its cases establishing and bounding rights of public employees to exercise free speech limited those rights to speech on matters of 'public concern,' they did not mean matters of transcendent importance, such as the origins of the universe or the merits of constitutional monarchy; they meant matters in which the public might be interested, as distinct from wholly personal grievances...." *Dishnow v. School Dist. of Rib Lake*, 77 F.3d 194, 197 (7th Cir.1996). In short, the expression of free speech must be fairly considered as "relating to any matter of political, social, or other concern to the community...." *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

The Park District argues that Mrs. Martinez's filing of a complaint with the Office of Professional Responsibility was a purely personal grievance. This argument is belied, however, by the fact Mrs. Martinez registered her complaint on the very evening the incident of false arrest and excessive force occurred. Mrs. Martinez did not wait until she was threatened with a reduction of hours, a change of job responsibilities, or an antagonistic working environment to file her complaint. She did so immediately. Further, she filed the complaint with an organization, the Office of Professional Responsibility, that could not personally benefit her. Based on the timing of the complaint and its subject matter, police malfeasance, Mrs. Martinez has alleged facts sufficient to find her speech was a matter of "public concern."

### Qualified Immunity

▇▇▇ Mr. Hooper argues that he is protected from individual liability based on the doctrine of qualified immunity. Qualified immunity shields government officials from liability as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Here, the question to be determined on the alleged facts is whether a

reasonable public official should have known that he or she could not retaliate against a subordinate employee for reporting a police officer to the Office of Professional Responsibility.

The Supreme Court held long ago a public employer may not retaliate against an employee who exercises her First Amendment speech rights. *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Further, in the Seventh Circuit, it is well-established that matters concerning the police department and police protection are of public concern. *Glass v. Dachel,* 2 F.3d 733, 741 (1993); *Auriemma v. Rice,* 910 F.2d 1449, 1460 (7th Cir.1990) (en banc). As noted above, the pleadings indicate the speech in question was a matter of public concern. A reasonable public official should know that retaliation against an employee who brings to light police malfeasance is improper. Accordingly, it is premature at this time to find Mr. Hooper is entitled to qualified immunity.

### Conclusion

For the foregoing reasons, the Park District and Mr. Hooper's motion to dismiss Count IV of Mrs. Martinez's complaint is denied.