Dwayne CLARK, et al.,
Plaintiffs-Appellants,

v.

James MAURER, et al.,
Defendants-Appellees.

No. 86–2855.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 1987.

Decided July 16, 1987.

Joseph J. Spingola, Joseph J. Spingola, Ltd., Chicago, Ill., for plaintiffs-appellants.

Judson H. Miner, Acting Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

The plaintiffs were among 24 City of Chicago garbagemen fired for bribing a city timekeeper to show them as working when they were not. The city announced the firing in a press release which described the garbagemen's conduct but did not name any of them. The press release was published in the *Chicago Tribune*, again without identification of the malefac-

tors. The plaintiffs claim in this suit under 42 U.S.C. § 1983, which the district judge dismissed for failure to state a claim (see Fed.R.Civ.P. 12(b)(6)), that the firing deprived them of their occupational liberty by stigmatizing them as unfit for future employment.

When a public employer fires an employee to the accompaniment of public charges of serious wrongdoing, and the charges are false, the employer may be liable for having deprived the employee of liberty without due process of law. See, e.g., *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam). Here the charges, though public, did not identify the employees; nor is it alleged that the press release, even without naming any of the plaintiffs, would somehow have conveyed their identity to readers who knew them. This omission alone would require dismissal of the complaint under *Hadley v. County of Du Page*, 715 F.2d 1238, 1245 (7th Cir.1983), but in addition the complaint fails to allege that the charges are false, and indeed appears to concede their essential truth by stating that the plaintiffs were "intimidated" into bribing the timekeeper. The complaint does not succeed in alleging actionable defamation; *a fortiori* it does not allege a violation of the Constitution. See *Perry v. FBI*, 781 F.2d 1294, 1304–05 (7th Cir.1986) (concurring opinion).

The only substantial issue on appeal is raised by the defendants' request for attorney's fees and double costs under Fed.R.Civ.P. 38. Such a request is appropriate if the appeal is frivolous, even if the underlying suit is not. One way in which an appeal can be frivolous is if the appeal brief fails to identify any arguable error in the district court's decision. *Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir.1986) (per curiam). The facts as known to a plaintiff and his counsel by reasonable investigation, and the law as known to them by reasonable research, might make a suit colorable when filed; but when the district court dismisses the suit, the plaintiff and his lawyer must reassess its merits. If,

having done so, they are unable to identify any respect in which the court erred but nevertheless appeal, the appeal is groundless and sanctions may be appropriate. *Morris v. Jenkins,* 819 F.2d 678, 681–82 (7th Cir.1987) (per curiam). That is this case. The appeal brief accuses the defendants of having committed a "defamatory act," but it does not explain how that is possible when the plaintiffs were not identified; and the brief argues not that the plaintiffs are innocent of fraud but that the fraud "remains unproved."

■ The failure of the appeal brief to confront the issue whether there can be liability for stigmatizing the plaintiffs when the press release and newspaper article did not reveal their names, directly or indirectly, is particularly serious because the issue was flagged by the district court, which in dismissing the complaint emphasized "that the plaintiffs' reputations were not publicly maligned by this press release because their identities were never publicly revealed." The appeal brief does not confront or contest this dispositive finding, but merely remarks inconsequently that "it is reasonable to believe that these same charges continue in [the plaintiffs'] personnel files, a time bomb waiting to explode when sent to a prospective employer." Until the time bomb goes off, the plaintiffs will sustain no injury to their reputations; even then, there would be no constitutional tort if the communication was made in confidence. Cf. *Bishop v. Wood,* 426 U.S. 341, 348–49, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976). To the authority of *Hadley* the plaintiffs counterpose only a district court decision that, rather than questioning the authority of *Hadley,* merely fails to discuss the significance of not identifying the fired employee in the press release announcing the firing; in any event, a district court cannot overrule a court of appeals decision.

The judgment of dismissal is affirmed, with sanctions, which in the circumstances we have decided to limit to double costs. The defendants shall therefore submit to the clerk of this court, within 15 days, a statement of their costs on appeal.

CUDAHY, Circuit Judge, concurring in part and dissenting in part:

I have no problem with the merits but take a different tack on sanctions. I agree that an appeal may be frivolous even if the underlying suit is not. Here the lawsuit is thin and the appeal perhaps even thinner. In this matter, however, another district court in the same district reached the opposite result on a complaint brought by another of the 24 dismissed garbagemen on the same facts and with the same allegation. *Reed v. City of Chicago,* No. 84 C 9345 (N.D.Ill. Mar. 21, 1985) (Parsons, J.) [Available on WESTLAW, DCT database]. That circumstance makes it extremely difficult for me to agree that the appeal before us is sanctionably frivolous. There may be a thin line between appellate incompetency and appellate frivolity, but I cannot persuade myself that the defects here, whatever they may be, fall on the side of frivolity.

I, therefore, with the utmost respect, must dissent as to sanctions.