Arthur M. PRIMAS, Plaintiff–Appellee,

and

Brenda M. Primas, Plaintiff,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation; Fred Anderson, individually and as Assistant Municipal Counselor and employee of the City of Oklahoma City, through the Municipal Counselor's Office; Terry Childers, individually and as City Manager and employee of the City of Oklahoma City; Don Pennington, a police officer and employee of the City of Oklahoma City, through the Oklahoma City Police Department, Defendants,

and

Fred Hays, individually and as Assistant City Manager and employee of the City of Oklahoma City, through the City Manager's Office, Defendant–Appellant.

Arthur M. Primas, Plaintiff–Appellee,

and

Brenda M. PRIMAS, Plaintiff,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation; Fred Anderson, individually and as Assistant Municipal Counselor and employee of the City of Oklahoma City, through the Municipal Counselor's Office; Terry Childers, individually and as City Manager and employee of the City of Oklahoma City; Fred Hays, individually and as Assistant City Manager and employee of the City of Oklahoma City, through the City Manager's Office, Defendants,

and

Don Pennington, a police officer and employee of the City of Oklahoma City, through the Oklahoma City Police Department, Defendant–Appellant.

Arthur M. Primas, Plaintiff–Appellant,

and

Brenda M. PRIMAS, Plaintiff,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation; Terry Childers, individually and as City Manager and employee of the City of Oklahoma City; Fred Hays, individually and as Assistant City Manager and employee of the City of Oklahoma City, through the City Manager's Office; Don Pennington, a police officer and employee of the City of Oklahoma City, through the Oklahoma City Police Department, Defendants–Appellees,

and

Fred Anderson, individually and as Assistant Municipal Counselor and employee of the City of Oklahoma City, through the Municipal Counselor's Office, Defendant.

Arthur M. PRIMAS; Brenda M. Primas, Plaintiffs–Appellants,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation; Terry Childers, individually and as City Manager and employee of the City of Oklahoma City; Fred Hays, individually and as Assistant City Manager and employee of the City of Oklahoma City, through the City Manager's Office; Don Pennington, a police officer and employee of the City of Oklahoma City, through the Oklahoma City Police Department, Defendants,

and

Fred Anderson, individually and as Assistant Municipal Counselor and employee of the City of Oklahoma City, through the Municipal Counselor's Office, Defendant–Appellee.

Nos. 90–6054, 90–6055, 90–6059, 90–6191.

United States Court of Appeals, Tenth Circuit.

March 16, 1992.

Marjorie Patmon of Patmon & Associates, Oklahoma City, Okl., for plaintiffs Arthur M. Primas and Brenda M. Primas.

Gerald P. Green and Chris Condren of Pierce Couch Hendrickson Johnston & Baysinger, Oklahoma City, Okl., for defendant-appellant Fred Hays.

James G. Hamill, Municipal Counselor, Jonathan D. Woods and Richard C. Smith, Assistant Municipal Counselors, Oklahoma City, Okl., for defendant Don Pennington.

Robert H. Alexander, Jr. of The Law Office of Robert H. Alexander, Jr., Oklahoma City, Okl., for defendant Terry L. Childers.

James G. Hamill, Municipal Counselor, Richard C. Smith, Assistant Municipal Counselor, Oklahoma City, Okl., for defendant Fred Anderson.

James G. Hamill, Municipal Counselor, Gerald S. Rakes, Asst. Municipal Counselor, Oklahoma City, Okl., for defendant City of Oklahoma City.

Before MOORE, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

These are appeals and a cross appeal of various Orders granting and denying summary judgment and awarding sanctions against Plaintiffs as to one Defendant in this action alleging civil rights violations and pendent state claims. Although each appeal will be addressed separately below, a summary of the facts and proceedings helpful to an understanding of the action will be presented first.[1]

Plaintiff Arthur M. Primas was employed for seven years as an events coordinator for the Defendant City of Oklahoma City (City) at the Myriad Convention Center. Mr. Primas allegedly sold complimentary tickets to a Neil Diamond concert. Based on the allegation, an investigation was conducted and eventually charges of scalping tickets were filed. Shortly thereafter, Mr. Primas was suspended from employment with pay. The day he was suspended, Defendant Fred Hays, assistant city manager, participated in a television interview concerning the investigation and charges.

A jury trial was held on the scalping charges. After the City rested, the court granted the motion of Defendant Fred Anderson, a municipal counselor, for mistrial. The Oklahoma Court of Criminal Appeals granted Mr. Primas' Petition for Writ of Prohibition and prohibited retrial on double jeopardy grounds.

Mr. Primas and his wife Brenda M. Primas commenced this action against Defendants City, Mr. Hays, Mr. Anderson, Don Pennington, a police officer, and Terry Childers, the city manager, by filing a complaint raising seven causes of action pursuant to 42 U.S.C. §§ 1981, 1982, and 1983, the Fifth and Fourteenth Amendments, and state law. In the first cause of action, Mr. Primas alleged that Mr. Anderson, Mr. Childers, Mr. Hays, Mr. Pennington, and the City deprived him of his liberty and property interests without due process of law. The second cause of action asserted a claim for wrongful termination based on race in violation of 42 U.S.C. §§ 1981 and 1982 against the City, Mr. Childers, and Mr. Hays. In the third cause of action, Mr. Primas contended that the City, Mr. Childers, and Mr. Hays breached his employment contract. Mr. Primas alleged in the fourth cause of action that the City, Mr.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Childers, and Mr. Hays invaded his privacy. In the fifth cause of action, Mr. Primas alleged that the City, Mr. Childers, Mr. Hays, Mr. Pennington, and Mr. Anderson maliciously prosecuted him and conspired to falsely charge him. Also, in the fifth cause of action, Mrs. Primas asserted a claim for loss of consortium. The sixth cause of action alleged that Mr. Hays and Mr. Anderson engaged in slanderous communication. The seventh cause of action was a claim under the Oklahoma Governmental Tort Claims Act, Okla.Stat. tit. 51, §§ 151–171.

Mr. Hays filed a motion for summary judgment. The district court granted the motion in part, concluding Mr. Primas was not deprived of a property interest without due process of law. The district court denied summary judgment on the liberty interest claim. Mr. Hays appealed the denial of summary judgment on the liberty interest claim (No. 90–6054).

Mr. Pennington also filed a motion for summary judgment. The district court granted summary judgment on the liberty and property interest deprivation claims, but denied summary judgment as to qualified immunity. Mr. Pennington appealed the partial denial of summary judgment (No. 90–6055).

Each Defendant, other than Mr. Anderson, filed a motion or partial motion for summary judgment on Mr. Primas' claim for deprivation of a property interest. The district court granted Defendants' motions on the property interest claim. Mr. Primas appealed (No. 90–6059).

The district court entered an Order awarding attorney's fees to Mr. Anderson, after Mr. and Mrs. Primas failed to respond to the request for fees. Mr. and Mrs. Primas appealed the granting of attorney's fees to Mr. Anderson (No. 90–6191).

When reviewing a summary judgment order, we apply the same standard employed by the trial court under Rule 56(c) of the Federal Rules of Civil Procedure. "The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment, and the court must review the record in the light most favorable to the opposing party."

*Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991) (citations omitted). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991).

### No. 90–6054

■ Mr. Hays appeals from the portion of the district court's Order denying him qualified immunity on Mr. Primas' claim that Mr. Hays violated Mr. Primas' liberty interest in his employment. We reverse, concluding that Mr. Primas failed to state a violation of a liberty interest.

After the criminal charges were filed, Mr. Hays was interviewed for a television broadcast. The broadcast consisted of an interview of Mr. Hays along with narration by a newscaster. The broadcast was as follows:

Newscaster: Two employees of Oklahoma City have been charged with scalping tickets to a recent concert at the Myriad. Municipal Court records show City employees Sandra Cole and Arthur Primas allegedly sold complimentary tickets to the February 17th Neil Diamond concert.

Mr. Hays: We feel the investigation will show whether or not it was indeed a practice for a period of time, whether employees have been doing this procedure, or whether or not we need to move to other items.

Newscaster: Hays says steps have been taken to prevent future ticket scalping. The two employees are currently suspended with pay.

Based on the interview, Mr. Primas alleged that Mr. Hays deprived him of his liberty interest without due process of law by making false defamatory statements. Mr. Hays filed a motion for summary judgment alleging the statements made by him were true. The district court denied the motion, concluding that there was a genuine issue of material fact concerning depri-

vation of Mr. Primas' liberty interest. The district court determined that if the statements were true, they were made true only by Defendants' acts of filing charges, conducting an investigation, and suspending Mr. Primas. If the charges were unfounded, the district court decided that publishing the fact that they had been filed was a false statement. The district court found that Mr. Primas raised a genuine issue of fact whether the ticket scalping allegations were false. In addition, the district court refused to limit responsibility to Mr. Hays for only the statements he was shown making on the television, because the district court found that Mr. Hays had some role in the filing and prosecution of charges and may have made off-camera statements to the media.

On appeal, Mr. Hays continues to argue that he made no false or stigmatizing statements concerning Mr. Primas and that he was entitled to summary judgment in his favor based on good faith qualified immunity. Because he did not mention Mr. Primas' name in the broadcast, Mr. Hays maintains that his statements were not defamatory and could not have damaged Mr. Primas' reputation in the community. Rather, he maintains his statements contained nothing about Mr. Primas' suspension and did not identify him.

The initial question before us is whether Mr. Primas stated a claim for deprivation of a liberty interest. Under the facts of this case, we conclude Mr. Primas did not state a liberty interest.

In our recent en banc decision, *Melton v. City of Oklahoma City*, 928 F.2d 920, 927 (10th Cir. [ ]), *cert. denied,* —— U.S. ——, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991) ], we stated that a liberty interest claim exists "[w]hen a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities. . . ." We held that a city did not violate a police offi-

cer's liberty interest when a police department spokesperson accurately told the press that the department was investigating perjury allegations against the officer. *Id.* at 922, 924. Several controlling factors were: (1) the police department's statements were not false nor were they intended to create false implications, (2) the police department did not "charge" the officer with perjury, and (3) the police department was not the original source of the potentially stigmatizing information. *Id.* at 928–29.

*Russillo v. Scarborough*, 935 F.2d at 1171–72.

The statements made by Mr. Hays were not false and were not intended to create false implications. Mr. Hays merely stated that an investigation was pending regarding a practice of scalping tickets. *Cf. Clark v. Maurer*, 824 F.2d 565, 566 (7th Cir.1987) (when public charges do not identify employees, and complaint does not allege charges are false, complaint must be dismissed). The mere statement that there is an investigation does not violate a liberty interest when there actually is an ongoing investigation. *See S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 971 (2d Cir.1988). The newscaster, not Mr. Hays, identified Mr. Primas and indicated the media had obtained its information from court records.

Thus, any defamation in this case was in a public court document, and not made directly by Mr. Hays to the news reporter. Even if Mr. Hays helped to create a defamatory impression, *see Melton*, 928 F.2d at 928 n. 12, the criminal complaint was an absolutely privileged document, *Piper v. Scher*, 533 A.2d 974, 976–77 (N.J.Super.Ct.App.Div.1987); Restatement (Second) of Torts § 587 (1977); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 114, at 817 (5th ed. 1984); *see* Okla.Stat. tit. 12, § 1443.1; *see also White v. Basnett*, 700 P.2d 666, 667–68 (Okla.Ct.App.1985) (civil complaint is privileged); *cf. Kirschstein v. Haynes*, 788 P.2d 941, 948, 951 n. 27 (Okla.1990) (although

there is privilege for communications made during legal proceedings, unnecessary publication to the news media may result in loss of privilege); *Dickerson v. Crozier,* 128 Okl. 162, 261 P. 545, 547 (Okla.1927) (alleged defamation based on allegations in criminal complaint which were made and published in proceedings before police judge and at no other time or place were privileged).

Because Mr. Hays "did not disseminate any false and stigmatizing charges against [Mr. Primas, he] did not violate [Mr. Primas'] liberty interest in his reputation." *Russillo,* 935 F.2d at 1172. We conclude the district court erred in determining Mr. Primas stated a violation of his liberty interest and in denying the portion of Mr. Hays' motion for summary judgment on the liberty interest claim. Because we conclude there was no liberty interest violation, we need not reach Mr. Hays' argument that he should have been granted qualified immunity.

### No. 90–6055

Mr. Pennington appeals from an Order of the district court denying the portion of his motion for summary judgment which asserted he was entitled to qualified immunity. We reverse, concluding that Mr. Primas failed to state a claim for relief.

In his complaint, Mr. Primas alleged that Mr. Pennington violated his constitutional rights by failing to comply with the Oklahoma Open Records Act, by conspiring with other Defendants to deprive him of a constitutionally protected interest, and by failing to disclose exculpatory information he obtained during his investigation of the alleged ticket scalping. The district court, in denying qualified immunity, concluded there was a genuine issue of material fact as to whether Mr. Pennington violated clearly established rights of which a reasonable person would have known.

On appeal, Mr. Pennington argues that he is entitled to summary judgment as a matter of law based on qualified immunity. We do not address this argument because we conclude Mr. Primas failed to state a claim for violation of his constitutional rights.

■ Mr. Primas argued that Mr. Pennington withheld exculpatory evidence and conspired with other Defendants, thereby causing Mr. Primas to be prosecuted without probable cause. Mr. Primas, however, failed to identify any exculpatory evidence withheld by Mr. Pennington or that any of the evidence allegedly withheld exculpated him. The record includes sufficient evidence to show there was probable cause to prosecute. Also, Mr. Primas argued that Mr. Pennington failed to identify the complaining witness. The record shows that Mr. Primas knew that Bill Price, a security officer, was the complaining witness.

Because Mr. Primas' allegations are conclusory and unsupported by the record, he has failed to prove a conspiracy or withholding of exculpatory evidence. As Mr. Pennington points out in his reply brief on appeal, Mr. Primas failed to state a constitutional provision or federal statute that Mr. Pennington's conduct allegedly violated. Mr. Primas has a duty to provide authority for any argument that he raises. *See Phillips v. Calhoun,* 956 F.2d 949, 952 (10th Cir.1992) (citing *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990)).

■ Also, Mr. Primas' contention that Mr. Pennington violated the Oklahoma Open Records Act is without merit. Mr. Pennington had no duty to produce any documents under the Act, because law enforcement agencies, not individual officers, are required to produce records, *see* Okla. Stat. tit. 51, § 24A.8. Mr. Primas' written request for records was made to the police department, not Mr. Pennington.

We conclude the district court erred in failing to grant Mr. Pennington's motion for summary judgment in all respects.

*No. 90–6059*

■ Mr. Primas cross appeals and appeals the portions of the district court's Orders holding that he does not have a property interest in continued employment with the City.[2] We affirm.

This court asked the parties to brief whether this court has jurisdiction to consider Mr. Primas' appeal when the Orders appealed are not final and no final judgment has been entered. This court has not determined whether it has jurisdiction to consider a cross appeal from an interlocutory appeal of a denial of immunity. *See Snell v. Tunnell,* 920 F.2d 673, 676 (10th Cir.1990) (even assuming jurisdiction, no cross appeal was filed), *cert. denied,* — U.S. —, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991). Despite no final judgment or Fed. R.Civ.P. 54(b) certification, other courts have accepted pendent jurisdiction of cross appeals when the issues involved were factually and legally intertwined with the issues on appeal. *See, e.g., Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1320 (Fed.Cir.1990); *Barrett v. United States,* 798 F.2d 565, 570–71 (2d Cir.1986); *cf. Liskey v. Oppenheimer & Co.,* 717 F.2d 314, 321 (6th Cir.1983) (because issues raised on cross appeal were not related to issues on appeal, cross appeal was dismissed for lack of jurisdiction).

Because Mr. Primas alleged denial of liberty and property interests in his claim for violation of due process, we exercise our discretion to accept pendent jurisdiction of this cross appeal. *See Micro Motion,* 894 F.2d at 1320; *Barrett,* 798 F.2d at 570–71.

■ A grant of immunity is not immediately appealable. *Clemens v. State of Kan.,* 951 F.2d 287, 288 (10th Cir.1991); *see also Spielman v. Hildebrand,* 873 F.2d 1377, 1385 (10th Cir.1989) (threshhold inquiry in evaluating qualified immunity defense is whether any federal right has been violated at all). Thus, we do not have jurisdiction over the appeal. Because, however, the appeal and cross appeal have identical factual and legal issues, the decision of the cross appeal is the law of the case.

On appeal and cross appeal, Mr. Primas argues that the district court erred in concluding he had no property interest in his employment because (1) the City Charter limits discretion of the city manager to dismiss employees at-will and (2) he stated facts sufficient to establish exceptions to the doctrine of at-will employment. The district court considered and rejected these arguments. We affirm the cross appeal for substantially the reasons stated in the district court's Orders. *See also Driggins v. City of Okla. City,* 954 F.2d 1511 (10th Cir.1992); *Graham v. City of Okla. City,* 859 F.2d 142 (10th Cir.1988). The appeal is dismissed.

*No. 90–6191*

Mr. and Mrs. Primas appeal from an order of the district court awarding Mr. Anderson sanctions against them. We conclude this appeal is moot and must be dismissed.

Mr. and Mrs. Primas alleged three causes of action against Mr. Anderson in their complaint. Granting Mr. Anderson's motion for summary judgment, the district court determined that Mr. Primas' § 1983 claim for denial of due process and state law claims for malicious prosecution and defamation were barred by absolute immunity because Mr. Anderson was engaging in prosecutorial duties and that there were no genuine issues of material fact with respect to Mrs. Primas' claim for loss of consortium.

Subsequently, Mr. Anderson filed an application for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 11. Finding the application unopposed, the district court awarded attorney's fees and costs of $9,372.50.

2. Technically, this is an appeal as to the City and Mr. Childers and a cross appeal as to Mr. Hays and Mr. Pennington.

Thereafter, Mr. and Mrs. Primas simultaneously filed a Notice of Appeal (No. 90–6191) and Motion to Vacate pursuant to Fed.R.Civ.P. 60(b). On January 15, 1991, the district court vacated its Order granting attorney's fees and costs and directed Mr. and Mrs. Primas to respond to the Application for Attorney's Fees within five days. On March 6, 1991, they filed a pleading which did not respond to the application; it merely indicated that this pending appeal divested the district court of jurisdiction.

On April 1, 1991, the district court deemed the Application for Attorney's Fees confessed in light of Mr. and Mrs. Primas' failure to respond despite having every opportunity to do so. The district court noted that this appeal became moot when it vacated its earlier Order.

This court has asked the parties to address whether this court has jurisdiction to consider this appeal. After considering the briefs on appeal, memorandum briefs, and record on appeal, we conclude this appeal must be dismissed as moot.

█ This court has jurisdiction over appeals from final district court orders. 28 U.S.C. § 1291. An order is final and appealable when the district court enters a decision which ends the litigation leaving nothing to be done except execution of the judgment. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Accordingly, jurisdiction under § 1291 requires termination of all matters as to all parties and causes of action before an appeal may be taken, unless the district court certifies that an appeal may be taken pursuant to Fed.R.Civ.P. 54(b) or the appeal falls within the exception set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir.1984) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)).

█ In this case, the district court did not certify an appeal pursuant to Rule 54(b). Even though the attorney's fees Order had substantially preclusive effect on the claims against Mr. Anderson, it did not terminate the entire action,[3] and, thus, did not meet the *Cohen* requirement that it be unreviewable on appeal from a final judgment. *See D & H Marketers*, 744 F.2d at 1445–46. Accordingly, we conclude the April 18, 1990, Order was an interlocutory order.

█ Until a final decree has been entered in an action, the district court retains the jurisdiction to modify or rescind any interlocutory orders. *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979). Because the district court vacated the April 18, 1990, interlocutory order, the appeal to this court was rendered moot. Accordingly, this appeal must be dismissed.

The Order of the United States District Court for the Western District of Oklahoma appealed from in No. 90–6054 is REVERSED as to the denial of summary judgment on the liberty interest claim. The Order appealed from in No. 90–6055 is REVERSED insofar as the district court denied summary judgment. The portions of the Orders granting summary judgment on the property interest claim appealed from in No. 90–6059 are AFFIRMED as to the cross appeal and DISMISSED as to the appeal. Appeal No. 90–6191 is DISMISSED as moot.

---

**3.** Various claims against several parties are still pending.