John DOE, Plaintiff,

v.

The VILLAGE OF OAK PARK, Allen J. Parker, individually, and Ruby P. Smith, individually, Defendants.

No. 94 C 1507.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 5, 1994.

Burr Erich Anderson, Kathleen M. Sullivan, Anderson & Franklin, Chicago, IL, for plaintiff.

William W. Kurnik, Kurnik, Cipolla, Stephenson & Barasha, Arlington Heights, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff John Doe brings this three count complaint against the Village of Oak Park, Village Manager Allen Parker and Village Human Resources Director Ruby Smith. Doe alleges that the Village deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. He also raises state claims against the Village, Parker and Smith. Presently before the court is defendants' motion to dismiss. For the reasons set forth below, we grant defendants' motion.

### I. Background

Beginning in May 1993, upon learning of possible illegal drug dealing, the Village of Oak Park began an undercover investigation into its public works department. While the investigation did not discover any illegal drug sales, it did uncover a number of other unsavory activities by public works employees. These discoveries led to a round of disciplinings and dismissals in the department.

As part of these dismissals, on June 4, 1993 Doe was notified by Human Resources Director Smith that he was terminated because he had failed a drug test. Further, Doe alleges that Smith told him the information regarding the reason for his dismissal would remain confidential. According to the Personnel Manual for Oak Park, an employee's personnel file and disciplinary reports are to remain confidential.

However, on August 23, 1993, Village Manager Parker held a press conference outlining the undercover investigation and the subsequent termination of certain employees, including Doe. Despite any assurance of confidentiality, Parker disclosed the reason for Doe's termination at the press conference. These statements were reported in at least three articles that ran in two local newspapers, the *Wednesday Journal* and *The Oak Leaves.*[1] The articles explicitly refer to Doe being fired for his failure to pass a drug test, but do not discuss any further investigation of Doe or any allegation of criminal activity.

On March 14, 1994, plaintiff brought this three count complaint against the Village, Parker and Smith. Plaintiff alleges that the Village deprived him of a liberty interest in his occupation without affording him due process. In addition, he brings state law defamation and invasion of privacy claims against the Village, Parker and Smith. Defendants now move to dismiss all claims.

### II. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). At this stage, we must take plaintiff's version of the facts as alleged in the complaint to be true. *Bane v. Ferguson,* 890 F.2d 11, 13 (7th Cir.1989). However, unsupported conclusions of fact and conclusions of law will not suffice to withstand a motion to dismiss. *Cushing v. City of Chicago,* 3 F.3d 1156, 1160–61 n. 5 (7th Cir.1993); *Watters v. Harris,* 656 F.2d 234, 240 (7th Cir.1980).

### III. Discussion

Plaintiff alleges that his rights under the Due Process Clause of the Fourteenth Amendment were violated when (1) the Village prevented him from enforcing his right

---

1. Plaintiff also contends in his brief that there was an "inner" article. Plaintiff' Response to Motion to Dismiss, at 7. Presumably, this reference is to the disciplinary report in his personnel file. However, since any such report was not publicly disclosed Doe cannot use it as a basis for a suit under § 1983. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991).

to confidentiality before disclosing the reason for his termination and (2) the Village created the false impression in its press conference that Doe was involved in other criminal activity. Doe also makes various claims based on state law. We find under two equally compelling reasons that plaintiff has failed to state a claim under § 1983 against the Village, and therefore dismiss Doe's federal and state claims.

### A. Doe's Section 1983 Claim

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Doe claims that he was deprived of his occupational liberty without due process by dint of the Village's press conference concerning its dismissals in the public works department. "In order to state a claim for deprivation of a liberty interest in one's post-employment reputation, a plaintiff is required to show that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). Doe has satisfied the second prong of this test by alleging that the stigmatizing information was disclosed at a press conference and covered by at least two local newspapers. Plaintiff also sufficiently alleges the loss of other employment opportunities in his profession because of the damaging information disclosed at the press conference, thereby meeting the third requirement.[2] However, plaintiff's complaint is defective in two important aspects: (1) it fails to allege a custom or policy necessary to state a § 1983 claim against a municipality and (2) it fails to properly allege that the Village violated Doe's constitutional rights.

### (1) Custom or Policy

 In order to state a § 1983 claim against a municipality, a plaintiff must allege a course of conduct that amounts to a policy of deliberate indifference towards the plaintiff's constitutional rights. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 385–87, 109 S.Ct. 1197, 1202–04, 103 L.Ed.2d 412 (1989). In other words, a municipality cannot be held liable for the unconstitutional violations of its employees under *respondeat superior* or vicarious liability. *Monell v. New York City of Dept. of Social Services,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037–38 (1978). An allegation of municipal policy must also be accompanied by some factual support in order to withstand a motion to dismiss. *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 736 (7th Cir.1994).

 As defendants' point out, plaintiff fails to make the requisite allegation that the Village had a policy of depriving its employees of their occupational liberty. Paragraph 12 of the First Amended Complaint states:

OAK PARK violated DOE's constitutionally protected right of due process by depriving him of the liberty interest guaranteed to him by the Fourteenth Amendment of the United States Constitution ...

The complaint goes on to allege that the Village "caused to be published information regarding DOE's alleged positive drug test," and that it "caused to be published information that led to the false impression that DOE was terminated due to 'criminal' activity...." Plaintiff's First Amended Complaint ¶ 12(a), (b). Noticeably absent from any part of plaintiff's complaint is a suggestion that the Village caused his complained of injury as part of a policy or custom. Nor does he allege any facts which would be necessary to support such an allegation. *See Baxter by Baxter,* 26 F.3d at 736. Without such an allegation or factual foundation, his federal claims against the Village cannot stand. Therefore defendants' motion to dismiss plaintiff's § 1983 claim should be granted.

### (2) Lack of a Constitutional Violation

. However, even if we were to discern an allegation of a municipal policy in Doe's

---

**2.** Defendants' contend that Doe's position as a laborer in the sanitation department is not a "profession" that is protected by the Due Process Clause. However, we refuse to read the liberty interest protected by the Due Process Clause as narrowly as defendants' would like. *Lawson v. Sheriff of Tippecanoe County, Ind.,* 725 F.2d 1136, 1138 (7th Cir.1984).

complaint, defendants argue that we should nonetheless grant their motion to dismiss since Doe fails to allege a constitutional violation. Doe first argues that his due process rights were violated because he "was not afforded the opportunity to seek enforcement of Defendant's OAK PARK and SMITH'S assurances of confidentiality." Plaintiff's First Amended Complaint ¶ 12(a)(iii). Defendants' argue that Doe cannot sustain a due process challenge on this basis without attacking the truth of the information published at the August 1993 press conference. We agree.

As the Supreme Court made clear in *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), in order for the due process remedy of a name-clearing hearing to be meaningful, the plaintiff must challenge the truth of the statements which have damaged him. *Id.* at 627–28, 97 S.Ct. at 883–84. Indeed, "[i]t would be fantastic to suggest that a government official could be guilty of depriving a person of liberty by occupation by disseminating truthful, vocationally relevant information about the person...." *Perry v. FBI*, 781 F.2d 1294, 1305 (7th Cir.1986) (Posner, J., concurring). Thus, because plaintiff fails to allege that the charges leveled against him are false, he cannot maintain an action for a deprivation of his occupational liberty. *Clark v. Maurer*, 824 F.2d 565, 566 (7th Cir.1987) (dismissing complaint in part because plaintiff failed to allege the falsity of damaging statements); *Primas v. City of Oklahoma City*, 958 F.2d 1506, 1510–11 (10th Cir.1992) (same).

Plaintiff seeks refuge from this problem in specific sections of cases involving occupational liberty that do not explicitly include this falsity requirement. *See. e.g., Ratliff v. City of Milwaukee*, 795 F.2d 612, 625 (7th Cir.1986); *Johnson*, 943 F.2d at 16. However, this silence exists not because of an absence of a falsity requirement, but because this requirement is so obvious that it is rarely an issue for decision. *See, e.g., Johnson*, 943 F.2d at 16–17 (discussing only the public disclosure prong of test). Indeed, most cases involving a deprivation of occupational liberty simply refer to the allegation of falsity without listing it as an additional requirement to

surviving a motion to dismiss. *See, e.g., McMath v. City of Gary, Indiana*, 976 F.2d 1026, 1032 (7th Cir.1992); *Ratliff,* 795 F.2d at 626.

Plaintiff also relies on *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), for his claim that he need not dispute the truth of the statements at issue in order to maintain a claim under the Due Process Clause. In *Wood,* the Court held that a police officer did not state a claim for deprivation of his occupational liberty since the reasons for his termination were given only in private or in the course of a judicial proceeding. *Id.* at 348–49, 96 S.Ct. at 2078–80. The petitioner tried to counter this defect by contending that these reasons were false. In answering this argument, the Court noted that the "truth or falsity of the City Manager's statements ... neither enhances nor diminishes petitioner's claim that his constitutionally protected interest in liberty has been impaired." *Id.* at 349, 96 S.Ct. at 2079–80. Contrary to Doe reading, the Court's language in *Wood* simply means that regardless of whether the reasons given for petitioner's termination were true or false, without their publication to a broad audience there was no due process violation. Thus, *Wood* has no bearing on the need for Doe to challenge the truth of the charge that he failed a drug test.

■ In a final attempt to evade this defect in his pleading, Doe contends that all of the cases requiring the plaintiff to challenge the truth of the stigmatizing statements involve claims of defamation and denials of name-clearing hearings. Doe argues that because he sought only a pre-deprivation opportunity to enforce the confidentiality agreement, and is not alleging defamation, these cases do not apply to him. However, Doe fails to recognize that the *only* remedy available under the Due Process Clause for a deprivation of occupational liberty is a name-clearing hearing. *Codd,* 429 U.S. at 627, 97 S.Ct. at 884 ("[T]he remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.'") (citation omitted); *Ratliff,* 795 F.2d at 627 n. 4; *Wright v. Glover,* 778 F.Supp. 418, 424 (N.D.Ill.1991). Furthermore, Doe's claim that he can succeed without proving defama-

tion flies in the face of Seventh Circuit law. *Clark,* 824 F.2d at 566 ("The complaint does not succeed in alleging actionable defamation; *a fortiori* it does not allege a violation of the Constitution."). In sum, because of his failure to challenge the substantial truth of the statements concerning his positive drug test results, Doe cannot successfully base a § 1983 claim on their disclosure to the press.

■■■ In Doe's second attempt at articulating a due process violation, he argues that the Village created the false impression that he was involved in other criminal activity, such as drug dealing. Creating a false impression of criminal activity in conjunction with the termination of a public employee may state a cause of action under § 1983, since such impressions can damage one's "good name, reputation, honor or integrity, or impose a stigma that effectively forecloses" future employment. *Ratliff,* 795 F.2d at 625 (quoting *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972)). However, we agree with defendants that the newspaper articles cannot reasonably be construed as implicating Doe in further criminal activity.

To be sure, the two articles that ran in August 1993 indicated that the undercover investigation into the public works department was initiated because of suspected drug dealing among employees. However, these articles also explicitly stated that the investigation uncovered no illegal drug sales in the department, but only instances of "misconduct." One example of misconduct mentioned in the article was Doe's failure to pass a drug test. As discussed above, to the extent that Doe was stigmatized by these statements, he does not have a cognizable claim under § 1983. We find that no reasonable reading of these articles could lead to an impression that Doe was also suspected of other criminal activity.

The third article, which ran on September 8, 1993 in the *Wednesday Journal,* also referred to the undercover investigation into the department. However, the article quoted Village President Larry Christmas as saying that the Village had not been advised of any activity that could lead to an indictable offense. Further, Doe was only mentioned in the article as being terminated for testing positive for drugs and for being under the direct supervision of the former superintendent. Nowhere in the article is there any suggestion that Doe sold drugs or engaged in any illegal activity except failing his drug test. We therefore find that the article does not create the impression of criminal activity, and grant defendants' motion to dismiss Doe's § 1983 claim against the Village.

### B. State Law Claims

Doe also attaches state law claims of defamation and invasion of privacy to his federal claim. Because we have eliminated the sole federal cause of action, there is little reason for keeping the state claims here. As the Supreme Court has stated:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367(c)(3). We therefore exercise our discretion and dismiss the remaining counts of Doe's complaint.

### IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss is granted. It is so ordered.