111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles B. JOHNSON, Plaintiff-Appellant,
v.
Steve GOLDSMITH, Mayor of Indianapolis and Marion County,
James Toler, Chief of Police of Indianapolis and
Marion County, Garry S. Cole, Police
Officer, et al., Defendants-Appellees.
 No. 96-2027.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 29, 1997.*
Decided April 7, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Charles Johnson brought this suit under 42 U.S.C. § 1983, claiming that his car was ticketed, towed and searched illegally while he was in Indianapolis, Indiana. He sued Officer Garry Cole (the police officer who wrote the ticket), as well as the mayor, the police chief, and the entire city council of Indianapolis--all in both their individual and official capacities. Johnson also named as defendants the Delaware & South Towing Service (the company that towed his car) and Baxter Rogers, the president of Delaware & South. The district court dismissed Johnson's claims against the mayor, the police chief and the city council members in their individual capacities; it granted summary judgment in favor of the defendants on the remaining claims. Johnson then brought this appeal, and we affirm.
 
 Facts
 
 2
 In July 1993, Johnson--who is from California--attended a convention in Indianapolis. At 7:00 a.m. on July 14, Johnson parked his rented car on West Maryland Street, adjacent to the convention center. Johnson claims that there were no signs prohibiting parking on West Maryland Street when he parked there.
 
 
 3
 Officer Cole came on duty at 9:30 a.m. on July 14. At 9:57 a.m., he ticketed Johnson's car and had it towed. Delaware & South, which has a contract with the City of Indianapolis to tow illegally parked cars, towed Johnson's car to its yard. Cole stated in his deposition that there are permanent signs on West Maryland Street adjacent to the convention center which prohibit parking. Cole further stated that he ticketed Johnson's car and had it towed because it was parked in a "No Parking" zone.
 
 
 4
 When Johnson returned to his car at noon, he discovered that it had been ticketed and towed. According to Johnson, there was a portable "No Parking" sign on the curb where his car had been. Johnson then went to the Indianapolis police station where he paid the ticket and towing charge--a total of $34.90--and from there proceeded to Delaware & South's yard, where he reclaimed his car.
 
 
 5
 When he picked up his car, Johnson noticed that various papers of his were scattered about the back seat, although nothing was missing. When Johnson had parked his car earlier that morning, he left his briefcase--an open-style valise with no zipper, lock or closing mechanism--on the shelf behind the back seat. The briefcase was so full of papers that "it had gotten heavy [and] there was very little room left in it to put things in." When he reclaimed his car from Delaware & South, however, the briefcase was on the back seat of the car, and papers from the briefcase were scattered on the back seat and floor of the car.
 
 
 6
 Johnson never challenged his ticket through municipal or state proceedings.[1] Instead, he filed this lawsuit under § 1983, seeking $1.5 million for what he claims was the illegal ticketing and towing of his car. Johnson alleged that Officer Cole placed the portable "No Parking" sign on the street after he (Johnson) parked there, and that Cole then unjustifiably ticketed Johnson's car and had it towed. Johnson further claimed--based solely on the fact that his papers were scattered about the back seat--that someone had searched through his briefcase, though it is not clear from his pleadings whether Johnson was alleging that Cole or someone from Delaware & South did so.
 
 
 7
 The district court dismissed Johnson's individual capacity claims against the government defendants other than Cole, because Johnson did not allege that they personally caused or participated in the alleged constitutional deprivation. The court then construed all of Johnson's official capacity claims as being against the City of Indianapolis. These decisions left Johnson with four claims: that against Cole, the City of Indianapolis, Delaware & South and Rogers. The district court then granted summary judgment in favor of the defendants on these four claims, and this appeal followed.
 
 Analysis
 
 8
 Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the party opposing the motion and draw all justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, neither "the mere existence of some alleged factual dispute between the parties," Anderson, 477 U.S. at 247, nor the demonstration of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will sufficiently demonstrate a genuine issue of material fact. In that regard, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to withstand a motion for summary judgment. Anderson, 477 U.S. at 252
 
 
 9
 Even accepting the facts in the light most favorable to Johnson, he fails to put forth sufficient evidence to survive the defendants' motions for summary judgment. The lynchpin of Johnson's claim is whether Cole had probable cause to believe that Johnson's car was illegally parked. We held in Sutton v. City of Milwaukee, 672 F.2d 644 (7th Cir.1982), that it is not a violation of the Constitution to ticket and tow an illegally parked car. For Johnson's suit under § 1983, however, the issue is not whether his car actually was parked illegally, but whether Cole had probable cause to believe that it was parked illegally. So long as Cole had probable cause to believe that Johnson's car was parked illegally, he was justified in ticketing Johnson's car and having it towed, and no liability under § 1983 attaches to his actions. Jones by Jones v. Webb, 45 F.3d 178, 181 (7th Cir.1995).
 
 
 10
 Cole's undisputed testimony in this case is that he observed a "No Parking" sign--whether permanent or portable--on West Maryland Street when he ticketed Johnson's car. His observation of the "No Parking" sign gave Cole probable cause to believe that Johnson was parked illegally. Beck v. Ohio, 379 U.S. 89, 91 (1964) (A law enforcement officer has probable cause to make an arrest when "the facts and circumstances within [his] knowledge and of which [he has] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense."); see also Sutton, 672 F.2d at 646 ("The determination that a car is illegally parked is pretty cut and dried."). Given the uncontroverted evidence in this case, we conclude that Cole had probable cause to ticket and tow Johnson's car, and hence, Johnson's claim against Cole properly was dismissed on summary judgment.
 
 
 11
 Johnson attempts to counter Cole's undisputed testimony as to the presence of the "No Parking" sign by accusing Cole of having placed the portable sign on the street to "manufacture" probable cause. But when Johnson asked Cole in his deposition whether he had placed the portable sign there, Cole flatly denied that he had. Johnson has come forward with absolutely no evidence to support his allegation that Cole placed the portable sign on West Maryland Street. Accordingly, Johnson's bare allegation is insufficient to forestall summary judgment. Reed v. AMAX Coal Co., 971 F.2d 1295, 1299 (7th Cir.1992).
 
 
 12
 Finally, we note that the conflict in testimony between Johnson and Cole as to whether the "No Parking" sign on West Maryland Street was portable or temporary is irrelevant. Johnson contends that if a fact-finder determined that there was not a permanent "No Parking" sign on West Maryland Street, the fact-finder could then infer that Cole intentionally lied about the presence of the permanent sign because he placed the portable "No Parking" sign there. Nevertheless, the attenuated inferences Johnson suggests a fact-finder could draw are precisely the type of "metaphysical doubts" that Matsushita held were insufficient to avoid summary judgment. Matsushita Elec. Indus., 475 U.S. at 586.
 
 
 13
 Even accepting (as we must in reviewing the district court's grant of summary judgment) Johnson's claim that the "No Parking" sign was portable and that it was not there when he parked at 7:00 a.m., Johnson has no evidence to refute Cole's claim that there was a "No Parking" sign on West Maryland Street at 9:57 a.m. when he ticketed Johnson's car. Indeed, Johnson agrees there was a "No Parking" sign there two hours later when he returned to his car. If some other police officer or worker from the Indianapolis Department of Transportation placed the sign on the street sometime between 7:00 a.m. and 9:57 a.m., Cole would still have had probable cause to ticket and tow Johnson's car. Johnson cannot withstand a motion for summary judgment simply by asserting that Cole lied about placing the sign there. Price v. Rochford, 947 F.2d 829, 832-33 (7th Cir.1991). And if Cole did not place the portable sign there (or otherwise have knowledge that there was no sign there when Johnson parked his car), Johnson has no claim against him under § 1983.[2] Thus, the district court properly granted summary judgment in favor of Cole.
 
 
 14
 Having determined that the district court properly granted summary judgment on Johnson's claim against Cole, Johnson's three remaining claims--at least insofar as they relate to the ticketing and towing of his car--fall away. All three claims are predicated on the illegality of the ticket Johnson received; that is, if Johnson did not suffer a constitutional deprivation when Cole ticketed his car and had it towed, Johnson has no claim against the City of Indianapolis, Delaware & South or Rogers. See Forman v. Richmond Police Dept., 104 F.3d 950, 965 (7th Cir.1997) ("In order to pursue a § 1983 claim against a municipality ... plaintiffs must demonstrate that they have suffered a deprivation of their constitutional rights based on some official policy or custom of the municipality or department."); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir.1982) (same for private corporations).
 
 
 15
 All that remains is Johnson's claim that his car was illegally searched. It is not clear from the record who Johnson alleges searched his car. Moreover, Johnson has no evidence to support his claim that anyone at all searched his car. As Johnson stated in his deposition:
 
 
 16
 Someone had taken all of the papers, all of the stuff out of the briefcase [and] gone through it. This is speculation, of course, but from the physical papers when I looked at them, someone had been through them.
 
 
 17
 (emphasis added). When asked whether this statement constituted every observation that led him to believe that someone had searched through his briefcase, Johnson stated that it was.
 
 
 18
 Once again, Johnson's bare speculation that someone rifled through his briefcase is insufficient to avoid summary judgment. Reed, 971 F.2d at 1299. In the absence of any evidence that any of the defendants in this case searched Johnson's briefcase, the district court properly dismissed this claim as well.[3]
 
 
 19
 Finally, Delaware & South and Rogers (collectively, the "towing defendants") have moved for sanctions against Johnson on the ground that Johnson's appeal--insofar as it relates to them--is wholly meritless. See Fed.R.App.P. 38; Cir.R. 38.[4] We agree. Even if Johnson genuinely believed that Cole was without justification in ticketing his car and having it towed, Johnson has absolutely no evidence that Delaware & South or Rogers knew of or participated in the ticketing without probable cause, as would be necessary to hold them liable under § 1983. See Iskander, 690 F.2d at 128.
 
 
 20
 Johnson's appellate brief scarcely mentions the towing defendants, and points to no evidence which would warrant reversal of the district court's grant of summary judgment to them.[5] In the absence of any such evidence, he had no legal basis for appealing the district court's decision granting summary judgment in favor of the towing defendants. Johnson's appeal of the grant of summary judgment in favor of the towing defendants is therefore frivolous because "[the] result [was] foreordained by the lack of substance of [the] appellant's arguments." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (en banc); see also Clark v. Maurer, 824 F.2d 565, 566 (7th Cir.1987) (appeal is frivolous if the appellate brief fails to identify any arguable error in the district court's decision).
 
 
 21
 Moreover, in determining whether sanctions are appropriate, we cannot ignore Johnson's entire course of conduct in prosecuting this suit. Although Johnson is appearing pro se, he is a retired attorney, and therefore is properly held to the same standards as any other attorney appearing before this court. Smart v. Board of Trustees, 34 F.3d 432, 436 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Johnson originally filed this suit in the United States District Court for the Central District of California (where he lives), although that court had neither personal jurisdiction over any of the defendants nor was venue proper there. When the defendants moved to dismiss on those grounds,[6] Johnson opposed the motion, though he had no legal basis for doing so. When the district court in California transferred the case to the Southern District of Indiana, Johnson first moved for reconsideration and then appealed to the Ninth Circuit, again without any legal basis. Furthermore, Johnson rejected a settlement offer of $1,000.00 from the defendants--a very generous offer under the circumstances.[7]
 
 
 22
 Once in the Southern District of Indiana, Johnson filed a motion for entry of default judgment against all the defendants while the whole case was stayed pending resolution of his appeal to the Ninth Circuit. He opposed the towing and government defendants' well-taken motions for summary judgment. And finally, he brought this frivolous appeal.
 
 
 23
 Throughout this litigation, Johnson has imposed significant and unwarranted costs upon the towing defendants. In light of this, we believe that sanctions are appropriate for filing this frivolous appeal with respect to them. We therefore direct Delaware & South Towing and Rogers to file sworn statements within 14 days of the legal expenses they reasonably incurred in defending this appeal. Johnson will then have 7 days in which to file an objection to these statements, after which we shall enter an appropriate order.
 
 
 24
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, this appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The ticket clearly informed the recipient that if he wished to deny the violation and go to court he must sign a form to "slate your case into court." Johnson paid, but wrote "Paid under protest" on the ticket
 The parties seem not to have explored the question whether this payment caused the ticket to ripen into a state court judgment and, if so, whether the judgment would be a "conviction" subject to Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (to recover damages under § 1983 for harm caused by actions whose unlawfulness would render a "conviction" invalid, a plaintiff must first prove that the conviction has been reversed, expunged, or declared invalid). Defendants have waived any defense based on Heck. If, on the other hand, the payment caused the ticket to ripen into a civil judgment which is not a "conviction," the district court had no jurisdiction to review it. See Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995) (under the Rooker-Feldman doctrine, inferior federal courts may not reexamine the decisions of state tribunals in civil litigation). Mr. Johnson would presumably argue that his payment under protest would not cause the ticket to ripen into a judgment at all.
 In a case where the jurisdictional issue is difficult and the issues on the merits easy, it is permissible to decide on the merits provided there is no practical difference in the outcome. Rekhi v. Wildwood Industries, Inc., 61 F.3d 1313, 1316 (7th Cir.1995). We think this is such a case. Although a dismissal for lack of jurisdiction would leave Mr. Johnson free to attempt to establish his claim if he could find an appropriate state remedy, the facts would remain, and there is not a practical difference under the circumstances.
 
 
 [2]
 Johnson also suggests that the only reason his car was ticketed and towed was because he is black and was attending an NAACP convention in Indianapolis. But Johnson has put forth no direct evidence of discrimination, nor has he proffered any evidence of a pattern of behavior from which a reasonable fact-finder could infer discrimination. See Ford v. Wilson, 90 F.3d 245, 248 (7th Cir.1996), cert. denied, 117 S.Ct. 1110 (1997)
 
 
 [3]
 This is not a case of res ipsa loquitur where the facts necessarily compel the conclusion that one of the defendants searched through Johnson's briefcase. One possible conclusion--indeed, the likely conclusion--is that while Johnson's car was being towed, the heavily-laden, open briefcase fell off the shelf behind the back seat, spilling its contents onto the car's floor
 
 
 [4]
 We note that the towing defendants have filed a separate motion seeking sanctions, and that Johnson has had the opportunity to respond to that motion in his reply brief. See Fed.R.App.P. 38. By order dated September 12, 1996, this court directed that the motion for sanctions be determined by the merits panel. Accordingly, we proceed to the resolution of that motion
 
 
 [5]
 Johnson's appellate brief makes only four passing references to the towing defendants, none of which point to any fact on which would the district court should have denied their motion for summary judgment. At one point, Johnson asserts that "[Delaware & South is as] equally liable [as the government defendants] because of [its] seizure and searching of the plaintiff's car." Appellant's Br. at 5. Later, Johnson asks, "Did the acts of defendants Delaware & South Towing Service and Baxter Rogers ... lead[ ] to liability under 42 U.S.C. § 1983?" Appellant's Br. at 9. Similarly, Johnson later asks rhetorically whether the towing defendants are liable for seizing and searching his car. Appellant's Br. at 15. Finally, Johnson asserts that "The defendants, Delaware & South Towing Service and Baxter Rogers ... are liable under [§ 1983].... There was a contract between [these] defendant[s] and the City to do acts which customarily would be performed by the City." Appellant's Br. at 23
 Of these four references, only the fourth points to a fact--the contract between Delaware & South Towing and the City--that is supported in the record. Although this contract might be sufficient to find that Delaware & South Towing was acting under color of state law when it towed Johnson's car (an issue we do not decide), this fact is completely inadequate to show that it was Delaware & South Towing's policy or custom to tow legally parked cars.
 Thus, we cannot say that Johnson has made even an attempt to show how the district court erred by granting summary judgment in favor of the towing defendants.
 
 
 [6]
 It is not clear from the record whether Ralph Zarefsky and David Kaloyanides, the California attorneys who moved for dismissal in the Central District of California, were representing only the government defendants, or were representing the towing defendants as well
 
 
 [7]
 The settlement offer came from Attorney David Kaloyanides, and was apparently in response to Johnson's appeal to the Ninth Circuit after the case had been transferred to the Southern District of Indiana. As indicated above, see supra at note 6, it is not clear whether Mr. Kaloyanides was representing only the government defendants, or whether he was representing the towing defendants as well