Robert TAYLOR, A–10803, Plaintiff,

v.

Jackie ANDERSON, Defendant.

No. 94 C 1618.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 7, 1994.

Robert Taylor, pro se.

Susan Takata O'Leary, Ill. Dept. of Corrections, Gary W. Fresen, Baker & McKenzie, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Robert Taylor brings this pro se complaint against Jackie Anderson, Dietician of the Joliet Correctional Center where he is incarcerated, alleging infringement of his Eighth Amendment rights in contravention of 42 U.S.C. § 1983. Presently before us is defendant's motion to dismiss the complaint. For the reasons set forth below, the motion is denied.

### I.  Background

Plaintiff was diagnosed as a diabetic in 1990 while at the Menard Correctional Center. This condition requires him to control his blood sugar level by taking insulin injections and monitoring his diet to insure that he ingests the proper amount of sugars and carbohydrates. Taylor was transferred to the Joliet Correctional Center in 1991, and was receiving the required diet until August 1993 when the food service contract at Joliet was given to Service America Corporation. Plaintiff alleges that since that time he has not received the type of food his condition requires, but instead, has been served meals which are too high in sugar, starch and carbohydrates. Taylor filed a grievance with prison officials, and was informed that the prison and Service Corporation America were working together to ensure that the diabetic meals served to the inmates met their medical requirements. However, plaintiff alleges that nothing has changed, and that he is still receiving food which he cannot eat because of his condition.

On March 15, 1994, Taylor filed this Section 1983 claim against Anderson for failing to provide him with the dietary items required to treat him for his diabetes. Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

### II.  Motion to Dismiss

■ A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). At this stage in the litigation, we take plaintiff's version of the facts as alleged in the complaint to be true. *Bane v. Ferguson,* 890 F.2d 11, 13 (7th Cir.1989). However, unsupported conclusions of fact and conclusions of law are not sufficient to withstand a motion to dismiss. *Cushing v. City of Chicago,* 3 F.3d 1156, 1160–61 n. 5 (7th Cir. 1993); *Watters v. Harris,* 656 F.2d 234, 240 (7th Cir.1980). Finally, when deciding a motion to dismiss, complaints drafted by pro se litigants are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Kelley v. McGinnis,* 899 F.2d 612, 616 n. 8 (7th Cir. 1990).

### III.  Discussion

■ Plaintiff alleges that Anderson, the Dietician at Joliet, failed to provide him with foods which satisfy his dietary requirements, thereby demonstrating "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Defendant argues that plaintiff has not made out a claim under Section 1983 because he does not allege facts which support his claim that Anderson or other prison officials are acting with deliberate indifference. Defendant contends that Taylor's complaint, at worst, merely alleges

negligent treatment by prison officials. *Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir. 1988) (negligence alone insufficient to state a claim). We disagree. Plaintiff's complaint, which we must take as true at this point, indicates that he has informed prison officials of his condition and has complained to them about the nutritionally inadequate meals provided at the facility. Indeed, it appears that plaintiff has met with defendant Anderson and discussed this problem. Yet, the complaint alleges that despite these requests he has not received anything other than the nutritionally inadequate meals. This is not a case where prison officials allegedly failed to meet the medical needs of inmates when they had no knowledge of those needs, or failed to prescribe the proper treatment. Rather, plaintiff's complaint—read in its most favorable light—alleges that defendant has failed to provide him with the prescribed diet of a diabetic even though defendant was aware of his condition. Such an allegation is sufficient to make out a claim of "deliberate indifference" under the Eighth Amendment. *Cf. Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir.1991) (claim that doctors refused to treat inmate who had serious medical condition sufficient to state a claim under § 1983).

■ Defendant also argues that even if plaintiff has alleged that she was deliberately indifferent to his diet, he has not claimed that the failure to satisfy his dietary requirements threatens his serious medical needs. Because the effects of diabetes can vary from person to person, defendant argues, and plaintiff has not alleged that his condition is severe, he has not stated a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. However, Taylor's complaint states that defendant has threatened his health and endangered his life by failing to provide him with the required diet. Although plaintiff does not outline these allegations with detailed factual support, such particulars are not necessary at this point. *Eades v. Thompson*, 823 F.2d 1055, 1060–61 (7th Cir.1987). Although plaintiff's claims may well be exaggerated—or even false—we cannot at this early stage say that he has not alleged that defendant threatened his serious medical needs.

## IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss is denied. It is so ordered.