**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

SANDRA KAY HUMPHREY,

     Plaintiff-Appellant,

v.

McCURTAIN COUNTY, OKLAHOMA, as the
owner and operator of the McCurtain County
Jail; JOHN T. GLASS, individually,

     Defendants-Appellees.

No. 99-7092
(E.D. Okla.)
(D.Ct. No. 98-CV-496-P)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Sandra Kay Humphrey appeals the district court's order granting summary judgment to Appellee John T. Glass and dismissing her complaint filed against him pursuant to 42 U.S.C. § 1983.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Humphrey, a diabetic, filed her complaint against Mr. Glass, a former administrator of the McCurtain County Jail, claiming violation of her civil rights under 42 U.S.C. § 1983 for the period from September 19, 1997 through October 23, 1997, when she was hospitalized for one day, and for "several days beyond." Ms. Humphrey alleged Mr. Glass, and those working under him, acted negligently and indifferently to her serious medical needs while she was incarcerated because she did not receive a proper or edible diabetic diet nor timely and consistent provision of insulin or blood-sugar testing materials.

After reviewing the record, including various jail records and medication logs, the magistrate judge issued an order granting Mr. Glass' motion for summary judgment. The magistrate judge found no evidence existed showing Mr. Glass intentionally denied or delayed Ms. Humphrey's access to medical care.

---

[1] Ms. Humphrey is not appealing the district court's decision granting summary judgment to McCurtain County and McCurtain County Jail.

Rather, the magistrate judge determined the uncontroverted evidence showed: (1) jail personnel never denied Ms. Humphrey the opportunity to administer insulin; (2) jail personnel monitored her insulin and sugar levels on a daily basis; and (3) licensed dieticians planned the meals which she received. In addition, the magistrate judge found Ms. Humphrey intentionally ate the other inmates' food, and did not controvert the fact she manipulated her blood sugar level by eating candy given to her from other inmates in order to make herself sick. Accordingly, the magistrate judge determined Mr. Glass was entitled to qualified immunity because no violation of a constitutional right occurred.

On appeal, Ms. Humphrey presents the following issue:

[W]hether there is a genuine issue of material fact as to whether [Mr. Glass], acting under color of state law, violated the "cruel and unusual punishment" clause of the Eighth Amendment to the United States Constitution, by failing to ensure that [Ms. Humphrey] was consistently and timely provided with her physician-prescribed diet, insulin, and blood-sugar testing materials.[2]

We note Ms. Humphrey, for the first time on appeal, indicates Mr. Glass' actions violated the "cruel and unusual punishment" clause of the Eighth Amendment. In support of her appeal, Ms. Humphrey contends that while dietitians prepared her

---

[2] While Ms. Humphrey did not formally present this issue until her reply brief on appeal, it is essentially the same issue informally presented and argued in her brief-in-chief.

meal plans, other jail inmates actually prepared her meals, which she described as inedible. She contends Mr. Glass is culpable under § 1983 because he knew of her diabetes prior to her hospitalization for high blood sugar, and admitted the jail lacked employees or inmate-trustees adequately trained in food preparation.[3]

We review the grant of summary judgment *de novo*, examining the record and the reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[4] *Id.*

Applying this standard, we agree with the magistrate judge that no material issues of fact exist indicating a violation of Ms. Humphrey's constitutional rights. A careful review of the record clearly shows jail personnel monitored Ms.

---

[3] Ms. Humphrey also contends Mr. Glass' reference to "murderer or murderess," in a memorandum referred to her. We find this allegation irrelevant to the determination of the issues concerning the treatment of Ms. Humphrey's diabetes, and decline to address it.

[4] Ms. Humphrey relies extensively on *Taylor v. Anderson*, 868 F. Supp. 1024 (N.D. Ill. 1994), for the proposition the allegations of her complaint must be taken as true. We note this case provides the standard for motions to dismiss, not summary judgment, and as such is inapposite. In addition, *Taylor* constitutes nonbinding, nonprecedential authority.

Humphrey's insulin and sugar levels on a daily basis, and provided her insulin often twice a day during her jail stay. In addition, after her hospitalization, Mr. Glass withdrew commissary privileges to all inmates, to avoid their providing Ms. Humphrey candy, and required Ms. Humphrey to eat in her cell so she could not eat other inmates' food.

While Ms. Humphrey claims the food prepared for her was inedible, nothing in the record shows the food was inedible or even unpalatable, other than one grievance filed by Ms. Humphrey with jail officials complaining primarily about not getting cake or any treats.[5] In fact, Mr. Glass testified he investigated all of her grievances and found them groundless. The jail meal records show a dietitian prepared a meal plan which Ms. Humphrey reviewed and approved. The current administrator, Ms. Wilkinson, who previously acted as a jailer, testified

---

[5] Ms. Humphrey's only complaint in the record concerning her food during her stay in the jail consisted of the following statement:

> I want to know why my diet is followed so damn close and can't be changed when the food is cold [and] raw, but is always changed when it comes to fresh fruit, cake, or something which might be considered a treat. It seems anytime I might have a treat that menu is skipped.... I was suppose[d] to have had cake with dinner tonite [sic] – I will expect it on tomorrow's tray.

Ms. Humphrey received a special diet at each meal.[6]  While some of the jail meal logs are missing, those provided corroborate Ms. Wilkinson's testimony that Ms. Humphrey received special diabetic meals different than the general jail population.  Under these circumstances, we find no material issue of fact exists showing a violation of Ms. Humphrey's constitutional rights.

For these, and substantially the same reasons set forth in the magistrate judge's Order filed July 3, 1999, we **AFFIRM** summary judgment in favor of Mr. Glass.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[6]  Even though inmates prepared her meals, Ms. Humphrey provides no proof the inmates did not prepare the meals planned by the dietitians.  As to Mr. Glass' statement the jail did not have adequately trained personnel in food preparation, Mr. Glass clarified, and Ms. Wilkinson corroborated, that licensed dietitians did in fact prepare Ms. Humphrey's menu.  Mr. Glass also stated the inmates preparing the food were partially supervised by jailers.